OPINION OF THE COURT
Bernard L. Reagan, S.
In this proceeding the petitioner, William S. Prescott, by an order to show cause issued by this court enjoined and restrained the executrix of the estate from transferring or paying out any assets of the estate of Marion M: Oot, deceased, pending the determination by this court why an order should not be entered revoking and declaring null and void a *704 renunciation of legacy filed herein by Patricia O. Hoopingarner pursuant to EPTL 3-3.10.
The decedent, Marion M. Oot, died testate on January 16, 1978. Her last will and testament was admitted to probate on the 8th day of February, 1978, and on that same date letters testamentary were granted to Joanne M. Richardson.
Pursuant to the terms of said will, Patricia O. Hoopingarner, the daughter of the testatrix, was a legatee thereunder.
Patricia O. Hoopingarner was employed as a receptionist-bookkeeper for the petitioner, William S. Prescott, from approximately 1972 to 1976. During the year 1976 the petitioner had his accountants audit his books and there was a deficiency discovered in the sum of $43,023.02.
Mrs. Patricia O. Hoopingarner, daughter of the decedent and a legatee under her mother’s last will and testament, admitted the misappropriation of said $43,023.02 and signed a confession of judgment.
Patricia O. Hoopingarner, the beneficiary, is indebted to the petitioner, William S. Prescott, in the sum of $43,023.02 by virtue of a confession of judgment filed in the Onondaga County Clerk’s office on July 22, 1976.
That on or about the 24th day of February, 1978, and pursuant to CPLR 5222, Joanne M. Richardson, as executrix of the estate of Marion M. Oot, was served with a restraining notice to garnishee, information subpoena and questions and answers in connection with said subpoena.
On March 7, 1978 Patricia O. Hoopingarner filed her renunciation under said will by instrument dated March 1, 1978 together with notices and affidavits as required by EPTL 3-3.10.
The petitioner seeks to have the renunciation filed by Patricia O. Hoopingarner set aside as null and void and as a fraudulent conveyance.
Prior to November 3, 1971 no New York statutes governed renunciations of either testamentary dispositions or intestate shares. Prior to this date caselaw governed testamentary renunciations. A legatee or devisee could, under common law, renounce his testamentary disposition, the leading case on renunciations being Albany Hosp. v Albany Guardian Soc. (214 NY 435).
The Temporary State Commission on the Modernization, *705 Revision and Simplification of the Laws of Estates, third report, 1964 (Bennett, Commission on Estates [1962-1965], p 613), took up in detail the problem that as of that date a statutory distributee could not renounce although a devisee or legatee designated by a will is permitted to renounce the testamentary provision made for his benefit (Albany Hosp. v Albany Guardian Soc., supra). Many of the problems presented by this case are discussed in detail in said report.
On July 6, 1971, effective November 3, 1971, the Legislature passed EPTL 3-3.10 governing the renunciation of testamentary dispositions.
EPTL 3-3.10 (subd [a]) states in part: "Any testamentary beneficiary * * * may renounce all or part of his interest. Such renunciation shall be in writing, signed and acknowledged by the person renouncing, and shall be filed in the surrogate’s court * * * within one year after the will making the disposition to be renounced * * * has been admitted to probate”. EPTL 3-3.10 (subd [c]) states in part: "Unless the testator or donee of a power has otherwise provided, the filing of a renunciation, as provided in this section, has the same effect with respect to the renounced interest , as though the renouncing person had predeceased the testator * * * Such renunciation is retroactive to the date of death of the testator”. EPTL 3-3.10 (subd [e]) states in part: "A renunciation may not be made under this section with respect to any property which a renouncing person has accepted under a testamentary disposition * * * For the purposes of this paragraph, a person accepts an interest in the testator’s property if he voluntarily transfers or encumbers, or contracts to transfer or encumber all or part of such interest, or accepts delivery or payment of, or exercises control as beneficial owner over all or part thereof, or executes a written waiver of the right to renounce, or otherwise indicates acceptance of all or part of such interest.”
Generally a legatee has "an absolute right to renounce any gift made to him by will”, so long as he acts promptly (4B Warren’s Heaton on Surrogate’s Courts [6th ed], § 406, subd 10, par [a]). Motives or reasons for the renunciation have no bearing on this statutory right, as long as no fraud or collusion is involved. In fact, two major motives for renunciation of legacies have long been the desire to divest property from the hands of creditors and tax avoidance. Legatees have frequently renounced in order to reduce inheritance taxes even *706 though their motives are obvious and admitted (Matter of Wolfe, 89 App Div 349, affd 179 NY 599).
Also, the fact that the renunciation of a legacy might frustrate the claims of creditors is of no consequence if the statutory renunciation procedures have been meticulously followed.
Thus, the court finds that the motive behind Patricia O. Hoopingarner’s renunciation of her legacy, i.e., the frustration of creditor William S. Prescott’s claim, is not relevant to her right to renounce.
Petitioner, in his brief, relies heavily on Matter of Wilson (298 NY 398), claiming it is dispositive of the issues at hand. In Wilson the Court of Appeals (with a strong dissent) held that the renunciation filed by a debtor-legatee was invalid. This court does not agree that Wilson controls the decision in the instant action, for many factual distinctions can be made. In Wilson, both the executor and the debtor were served with orders restraining them from disposing of or transferring any property of the debtor. Some 10 months after the death of the testatrix the debtor renounced his legacy, this being after he had been served with the restraining order. The court attached particular significance to the fact that the debtor admitted the existence of his legacy in answers given in a supplemental proceeding. This the court deemed to be acceptance of the legacy and an intention by the debtor not to renounce it.
The matter before this court differs from Matter of Wilson (298 NY 398, supra). First, only the executrix was served with an order restraining her from transferring or paying out any assets from the estate of the testatrix; the judgment debtor, Patricia O. Hoopingarner, was never served. Second, the debtor filed her renunciation in statutory form approximately one month after the will was admitted to probate. Third, no evidence was presented showing that the debtor ever accepted her legacy. Moreover, the attorney for the estate deposed that the debtor had advised him of her intention to renounce her interest in the estate prior to probating of the will.
In New York, a testamentary transfer has been considered a bilateral transaction which requires the assent of the transferee. Acceptance of the offer of the legacy is essential to valid completion of the transaction. Since Patricia O. Hoopingarner never accepted her legacy, the transfer of property was not completed.
*707 Also stressed in Matter of Wilson (supra) was the time lapse between death of the testatrix and renunciation of the legacy. The court determined that 10 months was not a reasonable time for the renunciation. "What is a reasonable time to be allowed for renunciation”, said the court, "must always depend upon the facts of the particular case * * * [T]he time allowed for action should be shorter when the effect of renunciation will be to prevent satisfaction of a judgment in whole or in part.” (Matter of Wilson, 298 NY 398, 404, supra.)
In view of the fact that only one month had elapsed from death of the testatrix and renunciation by Patricia O. Hoopingarner, this court cannot say that an unreasonable amount of time had passed to preclude the debtor from effecting a valid renunciation.
If the probable intent of the testatrix is to be considered at all, it is unlikely that she would have insisted on paying off said debt over the legatee’s protest. Common law held that renunciation is not a transfer but a refusal to accept a gift.
The attorney for the petitioner claims that the renunciation by Mrs. Hoopingarner is a fraudulent transfer within the meaning of the Debtor and Creditor Law (Debtor and Creditor Law, §§ 270, 273, 276). The court does not agree that the Debtor and Creditor Law applies inasmuch as EPTL 3-3.10 (subd [c]) states in part "Unless the testator or donee of a power has otherwise provided, the filing of a renunciation, as provided in this section has the same effect with respect to the renounced interest as though the renouncing person had predeceased the testator”. There is no evidence before the court where the legatee accepted the legacy, therefore she could renounce at any time before acceptance as long as the provisions for said renunciation as set forth in EPTL 3-3.10 were followed.
The court thus finds that the renunciation timely filed by Patricia O. Hoopingarner was in accordance with the statutory provisions of EPTL 3-3.10 and had the same effect as if the legatee had predeceased the testatrix. Petitioner’s application for revocation of the renunciation is hereby denied.
It is with no small degree of reluctance that the court arrives at this decision. However, until the Legislature in its wisdom provides some statutory vehicle for protecting creditors against frustration of their claims, unfortunate results may again occur.
*708 The court by way of observation points out to the petitioner that the results of this case would have been different if the confession of judgment signed by Patricia O. Hoopingarner and dated July 22, 1976 had contained a clause which waived the debtor’s right to renounce under EPTL 3-3.10.