**FRANCES SLOCUM BANK AND TRUST COMPANY, Appellant–Plaintiff,**

v.

**In the Matter of The ESTATE OF Max D. MARTIN, Terry D. Martin, II, Executor, Appellee–Defendant.**

No. 85A05–9508–CV–305.

Court of Appeals of Indiana.

May 29, 1996.

Alfred H. Plummer, III, Wabash, for appellant.

Jon M. Myers, Starr Austen Tribbett & Myers, Logansport, for appellee.

## OPINION

BARTEAU, Judge.

Frances Slocum Bank and Trust Co. ("Bank") appeals the summary judgment granted in favor of the personal representative of the Estate of Max D. Martin ("Estate"), raising three issues that we state as:

1. Whether the failure to record the disclaimer of interest rendered the disclaimer invalid?

2. Whether the disclaimer was not effective because the interest was encumbered before the disclaimer was filed?

3. Whether the Fraudulent Transfer Act precludes disclaimer of the interest?

We affirm.

### FACTS

Bank had a judgment against Terry D. Martin ("Martin") in the amount of $156,-707.42. Martin was a named beneficiary of both real and personal property in his father's will. Martin's father died on January 6, 1995, and his will was probated on January 12, 1995. Shortly after the estate was opened, Bank filed proceedings supplemental and named Estate as a garnishee defendant. Interrogatories and a summons were served on Estate in January, 1995. Bank filed its praecipe for execution on March 7, 1995, listing the real estate bequeathed to Martin in his father's will. The execution was issued and received by the Sheriff on March 7, 1995. On March 8, 1995, Martin filed a disclaimer of interest in his father's estate.

Bank intervened and filed a petition for construction of the will to determine whether Bank could reach the property to satisfy the judgment against Martin. Estate moved for summary judgment based upon Martin's disclaimer. The trial court granted summary judgment in favor of Estate, finding that Martin's disclaimer was effective.

### STANDARD OF REVIEW

In summary judgment proceedings, the party moving for summary judgment must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the movant establishes that no genuine issue of fact exists, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. If the nonmoving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One–Franklin, NA,* 618 N.E.2d 16, 18 (Ind.Ct.App.1993), *trans. denied.* Further, the party moving for summary judgment must designate to the trial court all parts of the matters included in the record that it

relies on for the motion. Likewise, the opposing party must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." Ind.Trial Rule 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the nonmovant. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991).

■ The trial court entered findings of fact and conclusions of law. This does not, however, change the nature of our review of summary judgment. In a summary judgment context, the entry of specific findings and conclusions aids our review by providing us with a statement of reasons for the trial court's decision, but it has no other effect. *P.M.S., Inc. v. Jakubowski*, 585 N.E.2d 1380, 1381 n. 1 (Ind.Ct.App.1992).

### DISCLAIMER

■ Bank first argues that Martin did not effectively disclaim his interest because he did not fulfill the requirements of Indiana Code section 32–3–2–3 (West Supp.1995), which provides in relevant part:

(a) Subject to subsections (b) and (c), a disclaimer of an interest ... is effective only if it is:

(1) filed in a court in which proceedings concerning the decedent's estate are pending ... and

(2) delivered in person or mailed first class United States mail to the personal representative of the decedent....

(b) A disclaimer of an interest in real property is effective under subsection (a) only if it is recorded in each county where the real property is located.

(c) A disclaimer is effective under this section only if the requirements of subsection (a) and, if applicable, subsection (b) are

accomplished not later than nine (9) months after the death of the decedent....

Bank argues specifically that Martin did not record his disclaimer in the county recorder's office pursuant to subsection (b) and thus the disclaimer is not effective as to the real property bequeathed to Martin.

■ In Estate's memorandum in support of summary judgment,[1] Estate asserts that the disclaimer was recorded in the proper county on March 8, 1995. Estate did not designate the evidence showing that the disclaimer was recorded.[2] Estate correctly asserts that Bank did not oppose summary judgment on the grounds that the disclaimer was ineffective because it was not recorded and argues that Bank cannot argue a theory on appeal that it did not argue below. Estate is correct. A party who raises an issue on appeal that was not raised in the trial court waives that issue. *Franklin Bank & Trust Co. v. Mithoefer*, 563 N.E.2d 551, 553 (Ind.1990) (grant of summary judgment may not be reversed upon a theory not properly presented to trial court). Consequently, Bank cannot now argue that Martin's disclaimer is ineffective because it was not recorded.

### ENCUMBRANCE

■ Bank next argues that Martin's disclaimer is not effective because his interest in the estate was encumbered before he disclaimed it. Indiana Code section 32–3–2–10 (West Supp.1995) provides:

The right to disclaim an interest is barred after any of the following events:

(1) An assignment, conveyance, encumbrance, pledge, or transfer of the interest.

(2) A contract for any of the events listed in subsection (1).

(3) A sale or other disposition of the interest under judicial process.

---

1. The record does not contain Estate's motion for summary judgment.

2. Estate submitted an Appendix of Appellee with its brief on appeal. The appendix contains a copy of the disclaimer showing that it was recorded on March 8, 1995. However, our review

is limited to matters properly in the record of the proceedings below. The copy of the disclaimer showing it had been recorded is not included in the record and we may not consider it. Therefore, we grant Bank's motion to strike Appendix of Appellee.

Bank argues that its execution against the property bequeathed to Martin encumbered Martin's interest and prevented a disclaimer.

■ In *National City Bank v. Oldham*, 537 N.E.2d 1193 (Ind.Ct.App.1989), *trans. denied*, this court held, on very similar facts, that the interest was not encumbered where the bank had a judgment lien and filed a motion for proceedings supplemental before the beneficiary disclaimed his interest. This court determined that there was no encumbrance because the event, the judgment lien, that created the alleged encumbrance occurred prior to the event, the father's death, that created the interest against which the encumbrance applied. A disclaimer relates back for all purposes to a time immediately before the death of the decedent. Thus, the effect of the disclaimer is the same as if the disclaimed interest had never been created in the disclaimant, and the disclaimant never had an interest in the estate that could become encumbered. *Id.* at 1196.

Bank seeks to distinguish *National City* by arguing here that the encumbrance was created not by Bank's judgment lien against Martin, but by the sending of interrogatories and summons and the issuance of the execution[3] against the property through the proceedings supplemental after the death of Martin's father. Bank argues that an equitable lien was created when Estate was served with the summons and interrogatories, citing *Radiotelephone Co. of Indiana v. Ford*, 531 N.E.2d 238 (Ind.Ct.App.1988). *Radiotelephone* stands for the proposition that a "creditor acquires an equitable lien on funds owed by a third party to the judgment debtor from the time of service of process in proceedings supplemental." *Id.* at 240. Thus, as long as Estate *owed* property to

Martin, Bank had an equitable lien on that property.[4]

■ However, we do not agree that the equitable lien created is an encumbrance of the interest under I.C. § 32–3–2–10(1). The Probate Code Study Commission Comments[5] to I.C. § 32–3–2–10 provide: "Various acts of a person entitled to disclaim an interest, such as making an assignment, conveyance, encumbrance, pledge or transfer of the interest, . . . bars the right of the person subsequently to disclaim the interest." The comments make it clear that it is an *encumbrance created by the disclaimant*, not a third party, that bars a disclaimer. This is consistent with the provision that bars a disclaimer after accepting the interest or its benefit. *See* Ind.Code § 32–3–2–11 (West Supp.1995). Thus, even if an equitable lien was created in the property before Martin disclaimed his interest, it was not an encumbrance created by him and does not bar his disclaimer. And, once Martin disclaimed his interest, Estate did not owe property to Martin against which Bank could enforce the equitable lien.

■ Further, we do not agree that the sending of interrogatories or the issuance of the execution distinguishes this case from the facts in *National City*. In both instances, the creditor had a judgment lien and was seeking to collect the judgment through proceedings supplemental. However, the judgment debtor disclaimed his interest before the creditor received the property; thus, there was no property to which the creditor's interest could attach. Proceedings supplemental do not change the judgment lien into an encumbrance under I.C. § 32–3–2–10(1). We find *National City* to be on all fours with the facts before us and follow the reasoning

---

3. Bank also briefly argues that issuance of the execution was the beginning of the "disposition of the interest under judicial process," Brief of Appellant at 14, and thus disclaimer was barred under I.C. § 32–3–2–10(3). That section prohibits disclaimer "following . . . [a] sale or other disposition of the interest under judicial process." The statute is clear that disclaimer is barred only *after* a sale or other disposition. We reject Bank's assertion that issuance of an execution against the property was a sale or other disposition.

4. The court in *National City* did not address the effect of this equitable lien on the disclaimer and the facts of that case do not indicate whether the equitable lien had been created.

5. "The official comments published by the probate code study commission may be consulted by the courts to determine the underlying reasons, purposes, and policies of this chapter and may be used as a guide in its construction and application." Ind.Code § 32–3–2–14 (West Supp.1995).

in that case to hold that Martin's disclaimer was effective.

### FRAUDULENT TRANSFER ACT

 Bank argues that the Fraudulent Transfer Act, Ind.Code sections 32–2–7–1 to –21 (West Supp.1995), precludes Martin's right to disclaim his interest. This is a question of first impression in Indiana. The Fraudulent Transfer Act[6] allows a creditor to reach an asset that the debtor has transferred if the transfer meets certain requirements. *Id.* Bank asserts that Martin's disclaimer was a transfer of his interest and falls within the Fraudulent Transfer Act. Bank relies on *Stein v. Brown,* 18 Ohio St.3d 305, 480 N.E.2d 1121 (1985), in which the court held that a disclaimer was a transfer of property subject to Ohio's Fraudulent Conveyance Act because disclaiming an interest passed "title of the beneficiaries [sic] share of the estate to another person." *Id.* 480 N.E.2d at 1123. The court in *Stein* followed *In re Kalt's Estate,* 16 Cal.2d 807, 108 P.2d 401 (1940).[7]

In *Dyer v. Eckols,* 808 S.W.2d 531 (Tex.Ct.App.1991), the court rejected the reasoning of *Stein* and *Kalt* that a disclaimer was a transfer, because the disclaimant cannot assign the property to another person. Rather, the disclaimer relates back to the time immediately before the decedent's death with the effect as if the interest had never gone to the disclaimant. Thus, the debtor has no interest that can be transferred. The court adopted the view that the "'relation back' doctrine prevents a disclaimer from being treated as a transfer under the fraudulent transfer acts." *Id.* at 535.

We agree with the court in *Dyer.* Indiana law recognizes the relation back doctrine. I.C. § 32–3–2–3; *National City,* 537 N.E.2d 1193. A disclaimer is not a transfer because the disclaimant is merely rejecting a gift, Probate Code Study Commission Comments—Introductory Comments, and has no interest that he can transfer to another person.

Prior to enactment of the Fraudulent Transfer Act, a creditor could not reach an interest of the debtor that had been properly disclaimed because the disclaimer relates back to the time immediately before the decedent's death *for all purposes. See National City,* 537 N.E.2d 1193; *Matter of Estate of Wisely,* 402 N.E.2d 14 (Ind.Ct.App.1980), *trans. denied.* Nothing in the Fraudulent Transfer Act changes that rule. Thus, a disclaimer cannot be a "transfer" within the meaning of the Fraudulent Transfer Act and the Act does not bar Martin's disclaimer. *See also Tompkins State Bank v. Niles,* 537 N.E.2d 274 (Ill.1989) (disclaimer is not transfer within meaning of fraudulent conveyance statute); *Estate of Oot,* 95 Misc.2d 702, 408 N.Y.S.2d 303 (N.Y.Sur.1978) (disclaimer not a fraudulent transfer under Debtor and Creditor law).

The trial court's grant of summary judgment in favor of Estate is affirmed.

SHARPNACK, C.J., and RUCKER, J., concur.

---

6. Indiana enacted its version of the Uniform Fraudulent Transfer Act in 1994, five years after *National City* was decided.

7. The California legislature has enacted a statute which provides that a disclaimer is not a fraudulent transfer. Cal.Prob.Code § 283 (West 1991).