## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2015, 9:22 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*

John Bochner
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Bochner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2015

Court of Appeals Case No.
41A01-1409-CR-404

Appeal from the Johnson Circuit Court;
The Honorable K. Mark Loyd, Judge;
41C01-9806-CF-96

**May, Judge.**

John Bochner appeals the denial of his request for restoration of credit time. We affirm.

## Facts and Procedural History

In 1998, Bochner began serving the first of his two consecutive twenty-year sentences. On December 30, 2003, Bochner was found guilty of two prison disciplinary offenses and lost 120 days of earned credit time. On December 13, 2004, Bochner was found guilty of another prison disciplinary offense and lost thirty days of earned credit time. On January 19, 2007, the Department of Correction granted Bochner's appeal of the deprivation of his earned credit time and restored forty-six days. On December 22, 2007, Bochner reached the end of his first sentence.

On June 28, 2013, Bochner filed a Verified Motion for Restoration of Deprived Earned Credit Time seeking 116[1] days of earned credit time restored. On April 14, 2014, the trial court denied Bochner's motion, finding he did not appeal the deprivation of his earned credit time prior to the end of the sentence during

---

[1] In his motion, Bochner stated, regarding the number of days he was requesting restored,

> Bochner, in making his request for one hundred and sixteen (116) days of ECT [earned credit time] to be restored. [He] calculated the one hundred and eighty (180) day total deprivation times 25% times 2, and the 180 day period times 15% less one (1) day that was previously awarded.
>
> The calculations are:
>
> 180 x .25 = 45 x 2 = 90
>
> 180 x .15 = 27 - 1 = 26
>
> 116 Total

(Appellant's App. at 114.)

which it was earned. On May 14, Bochner filed a motion to correct error, which the trial court denied on May 28.

## Discussion and Decision

[4] We first note that Bochner proceeds *pro se*. It is well settled that *pro se* litigants are held to the same standard as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

[5] Ind. Code § 35-50-6-5(c) states: "Any part of the credit time of which a person is deprived under this section *may* be restored." (Emphasis added.) Bochner argues "the legal definition [of "may"] . . . may be interpreted as the mandatory word 'shall,'" (Br. of Appellant at 8), and thus Ind. Code § 35-50-6-5(c) should be interpreted to require the restoration of his lost credit time.

[6] Our standard of review for statutory interpretation[2] is well-settled:

> A question of statutory interpretation is a matter of law. In such interpretation, the express language of the statute and the rules of statutory interpretation apply. We will examine the statute as a whole, and avoid excessive reliance on a strict literal meaning or the selective reading of words. Where the language of the statute is clear and unambiguous, there is nothing to construe. However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The

---

[2] Bochner does not argue the trial court erred when it denied his Motion to Correct Error, and our standard of review for appeal of a Motion to Correct Error directs us to consider the underlying order, here the denial of Bochner's motion for restoration of earned credit time. *See In re Paternity of H.H.*, 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008) (review of motion to correct error includes review of underlying order).

> legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*. When interpreting the language of a statute, "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense." Ind. Code § 1-1-4-1(1).

[7] The term "may" in a statute "ordinarily implies a permissive condition and a grant of discretion." *Romine v. Gagle*, 782 N.E.2d 369, 380 (Ind. Ct. App. 2003), *trans. denied*. Bochner has not offered persuasive argument to justify a departure from that usual rule of construction, and we therefore decline his invitation to encroach on the discretion of the trial court.[3] *See Williams v. City of Indianapolis Dept. of Public Works*, 558 N.E.2d 884, 887 (Ind. Ct. App. 1990) (absence of an argument to justify departure from usual rule of construction precludes appellate court from interpreting "may" in a way other than to imply discretion), *trans. denied*.[4] Accordingly, we affirm the decision of the trial court.

---

[3] The denial of Bochner's request is consistent with Department of Correction policy, which states in relevant part: "The credit time being requested must be credit time that was deprived while serving the current sentence. Credit time deprived while serving a previous sentence . . . can not [sic] be restored." (Appellant's App. at 153.) Bochner alleges he was denied credit time in 2003 and 2004, and he filed his request for restoration of credit time in 2013. Bochner completed the first of his two twenty-year sentences in 2007. Thus, his 2013 request for restoration of credit time concerned credit time allegedly deprived while he was serving the previous sentence.

[4] Bochner asserts the Department of Correction policy violates the constitutional prohibition against *ex post facto* laws. As Bochner did not present this argument before the trial court, he may not assert it for the first time on appeal. *See Frances Slocum Bank & Trust Co. v. Estate of Martin*, 666 N.E.2d 411, 413 (Ind. Ct. App. 1996) ("A party who raises an issue on appeal that was not raised in the trial court waives that issue."), *trans. denied*.

Affirmed.

Robb, J., and Mathias, J., concur.