**Roland Edward DYER, Individually and as Administrator of the Estate of Lois Adams Dyer, Deceased, Appellant,**

v.

**Shelby ECKOLS, Individually and as Independent Executor of the Estate of Cleveland White Croom, Jr., Deceased, Sara McElhannon Croom, Mariann C. Reynolds, Harold L. Reynolds, Barbara Terry Hall, John A. Croom, Jr., Clarence Eckols and Edith Eckols, Appellees.**

No. A14–90–0010–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1991.

Rehearing Denied May 9, 1991.

T. Turner Pope, III, Simon W. Hendershot, III, Houston, for appellant.

Michael J. Cenatiempo, Dalia B. Stokes, Sharon Brand Gardner, Linda L. Kelly, Rhonda R. Chandler, W.D. Bonham, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## ON MOTION FOR REHEARING

MURPHY, Justice.

This is a case of first impression in Texas. The issue is whether the beneficiary of a will can effectively disclaim her inheritance pursuant to § 37A of the Texas Probate Code although disclaiming would defeat the rights of a judgment creditor.

Appellant, Roland Edward Dyer, alleges that appellees conspired to defraud him of the ability to satisfy a default judgment of $1.08 million rendered against appellee Sara M. Croom after Croom's car crashed into an automobile driven by Dyer's mother, causing Mrs. Dyer to burn to death. Prior to being served with citation of the damage suit, Croom, although insolvent, attempted to disclaim a gift of $200,000 which she was to inherit under the will of her recently deceased uncle. By summary judgment, the trial court held as a matter of law that (1) the beneficiary of an estate can defeat a creditor's claim by executing a disclaimer under § 37A of the Texas Probate Code, and (2) Croom's disclaimer was not a "transfer" prohibited by the Texas version of the Uniform Fraudulent Transfer Act, TEX.BUS. & COM.CODE ANN. § 24.005(a)(1) (Vernon 1987). Appellant also alleged "a separate, actionable tort" of conspiracy for which he sought to recover punitive and exemplary damages. Because the trial court's judgment was expressly limited to the disclaimer/fraudulent transfer issue, we dismissed the appeal as interlocutory. Subsequently, upon agreement of the parties, the trial court severed the cause of action concerning conspiracy and common law fraud, thereby making the summary judgment an appealable final judgment. On motion for rehearing, we affirm.

Croom's uncle died on November 3, 1987, some four months after the accident in which appellant's mother was killed. In his will, admitted to probate three weeks later, Croom's uncle left her a one-tenth (1/10) share of his estate, valued at $2,013,135. She concedes that "a potential tort claim obviously existed" when she later attempted to disclaim the inheritance by executing an Instrument of Disclaimer and Other Ac-

tions. Appellant contends that, in order to prevent him from recovering on the default judgment against her, Croom executed the disclaimer to cause her share of the estate to pass to her uncle's remaining heirs. *Tate v. Siepielski*, 740 S.W.2d 92, 93 (Tex. App.—Fort Worth 1987, no writ). In return, appellant contends, the remaining heirs would "take care" of her. A witness for the appellant testified by affidavit that he confronted appellee Mariann C. Reynolds with this scenario, and Reynolds replied, "You don't think we're going to give our uncle's money to those slobs [the Dyer family], do you?."

■ Texas law provides that legal title vests in estate beneficiaries immediately upon death of the donor. *Welder v. Hitchcock*, 617 S.W.2d 294, 297 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). This rule of common law has been enacted into the Texas Probate Code, which provides, in relevant part:

> When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will ... shall vest immediately in the devisees or legatees of such estate ... subject, however, to the payment of the debts of the testator or intestate, except such as exempted by law ... but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator ... with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

TEX.PROB.CODE ANN. § 37 (Vernon Supp. 1991). Upon this principle has been "superimposed" the disclaimer statute of § 37A. *Welder*, 617 S.W.2d at 297. It provides that a disclaimer, too, is effective as of the death of the decedent:

> Any person ... who may be entitled to receive any property as a beneficiary and who intends to effect disclaimer irrevocably ... of the whole or any part of such property shall evidence same as herein provided. *A disclaimer ... shall be effective as of the death of the decedent and the property ... shall pass as if the person disclaiming ... had predeceased the decedent ...*

(emphasis added.) TEX.PROB.CODE ANN. § 37A (Vernon Supp.1991). This "relation back" doctrine is based on the principle that a bequest or gift is nothing more than an offer which can be accepted or rejected. Some form of the doctrine is found in all of the 44 states which have enacted disclaimer statutes.[1]

---

1. ALA.CODE §§ 43–8–291(a), 43–8–294(a) (1982); ALASKA STAT. §§ 13.11.295(a), 13.11.295(c) (1990); ARIZ.REV.STAT.ANN. §§ 14–2801(A), 14–2801(D)(1) (Supp.1990); ARK.STAT.ANN. §§ 28–2–101(a), 28–2–108(a)(1) (1987); CAL.PROB.CODE §§ 275, 282(a) (West 1991); COLO.REV.STAT. §§ 15–11–801(1), 15–11–801(3) (1987); CONN.GEN.STAT.ANN. §§ 45–300(a), 45–300(e) (West Supp.1990); DEL.CODE ANN. tit. 12, §§ 601, 604(a) (1987); FLA.STAT.ANN. §§ 732.801(2), 732.801(3)(a) (West Supp.1991); GA.CODE ANN. §§ 53–2–115(a), 53–2–115(c) (Supp. 1990); HAW.REV.STAT. §§ 560:2–801(a), 560:2–801(c) (1988); IDAHO CODE §§ 15–2–801(a), 15–2–801(c) (1979); ILL.ANN.STAT. ch. 110½ §§ 2–7(a), 2–7(d) (Smith–Hurd Supp.1990); IND.CODE ANN. §§ 32–3–2–2, 32–3–2–3(d)(2) (West Supp.1990); IOWA CODE ANN. §§ 633.704, 633.704(3)(a) (West Supp.1990); KAN.STAT.ANN. §§ 59–2291(a), 59–2293(a) (1983 & Supp.1990); KY.REV.STAT.ANN. §§ 394.610, 394.630 (Baldwin 1988); LA.CIV.CODE ANN. arts. 977, 946 (West 1952); ME.REV.STAT.ANN. tit. 18–A §§ 2–801(a), 2–801(f)(1) (1981); MD. EST. & TRUSTS CODE ANN. §§ 9–201(a), 9–204(a)(1) (Supp.1990); MASS.GEN.LAWS ANN. ch. 191A §§ 2, 7 (West 1990); MICH.COMP.LAWS ANN. §§ 554.501, 554.503 (West 1988); MINN.STAT.ANN. § 525.532(2), (5) (West Supp.1991); MO.ANN.STAT. § 474.490(2), (4) (Vernon Supp.1991); NEB.REV. STAT. §§ 30–2352(a)(1), 30–2352(c) (1989); NEV. REV.STAT. §§ 120.020, 120.060 (1987); N.J.REV. STAT.ANN. §§ 3B:9–2, 3B:9–8 (West 1983); N.Y. EST.POWERS & TRUSTS LAW §§ 2–1.11(b)(1), 2–1.-11(d) (McKinney 1981); N.C.GEN.STAT. §§ 31B–1, 31B–3 (1989); N.D.CENT.CODE §§ 30.1–10–01(1), 30.1–10–01(3) (Supp.1989); OHIO REV.CODE ANN. § 1339.60(B)(1), (G)(1) (Anderson Supp.1989); OKLA.STAT.ANN. tit. 84 §§ 23, 26 (West 1990); OR. REV.STAT. §§ 112.652, 112.657 (1990); 20 PA.CONS. STAT.ANN. §§ 6201, 6205(a), (b) (Purdon Supp. 1990); R.I.GEN.LAWS §§ 34–5–2(a)(1), 34–5–8(b) (1984 & Supp.1990); S.C.CODE ANN. §§ 62–2–801(a), 62–2–801(d) (Law.Co-op.1987 & Supp. 1990); S.D.CODIFIED LAWS ANN. §§ 43–4–29, 43–4–30 (1983); TENN.CODE ANN. §§ 31–1–103(a), 31–1–103(c) (Supp.1990); TEX.PROB.CODE ANN. § 37A (Vernon Supp.1991); UTAH CODE ANN. §§ 75–2–801(1), 75–2–801(3), 75–2–802(3) (1978 & Supp. 1990); VA.CODE ANN. §§ 64.1–188, 64.1–190 (1987 & Supp.1990); W.VA.CODE §§ 42–6–2, 42–6–5 (1982); WIS.STAT.ANN. §§ 853.40(2), 853.40(6)(b) (West Supp.1990); WYO.STAT. §§ 2–1–401, 2–1–404 (1980 & Supp.1990).

Nevertheless, appellant contends that as a matter of law, Croom's disclaimer was a "transfer" within the meaning of the Texas fraudulent transfer act, which prohibits "every mode ... of disposing of or parting with an asset or an interest in an asset"— including a release—made with actual intent to hinder, delay, or defraud a claimant. TEX.BUS. & COM.CODE ANN. §§ 24.002(12) (defining "transfer"), 24.005(a)(1) (Vernon 1987).

■ The legislature has identified eleven factors which, among others, may be considered in determining actual intent; appellant has alleged that at least half of them are present here:

"(1) the transfer or obligation was made to an insider;

....

(3) the transfer or obligation was concealed;

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all of the debtor's assets;

....

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred[.]"

*Id.* at 24.005(b). However, implicit in the act of transferring property is the requirement that the debtor possess the asset: one cannot dispose of something one does not have. "[A] transfer is not made until the debtor has acquired rights in the asset transferred[.]" TEX.BUS. & COM.CODE ANN. § 24.007(4) (Vernon 1987). Because dis-

claimed property passes as if the beneficiary predeceased the testator, the beneficiary never possesses the property. By direction of the legislature, acceptance of the inheritance occurs "only if the person making such disclaimer has previously taken possession or exercised dominion and control of such property in the capacity of beneficiary." TEX.PROB.CODE ANN. § 37A(f) (Vernon Supp.1991). Further, appellees warn that a § 37A disclaimer is irrevocable, not to be undone by the courts, TEX.PROB.CODE ANN. § 37A(d) (Vernon Supp.1991), while most of the remedies afforded a creditor under the fraudulent transfer act allow some undoing of the transfer in favor of the creditor. TEX.BUS. & COM.CODE ANN. § 24.008 (Vernon 1987). On the other hand, the irrevocability of a disclaimer is consistent with federal gift tax law, I.R.C. § 2518 (1986), and in keeping with appellant's contention that § 37A was enacted solely for tax purposes. However, although certainly the legislature intended that a disclaimer could be used as a tax-planning strategy, the statute itself dictates no such restriction.

As an enactment of the Uniform Fraudulent Transfer Act, the legislature intended that the Texas version "be applied and constructed to effectuate its general purpose and to make uniform the law with respect to the subject of this chapter among states enacting it." TEX.BUS. & COM. CODE ANN. § 24.012 (Vernon 1987). The Texas fraudulent transfer act does not specifically mention disclaimers, nor does any version among the 26 states that have adopted the Uniform Act.[2]

■ At least six states have legislatively barred, within their disclaimer statutes, the

---

**2.** ALA.CODE §§ 8–9A–1 to 8–9A–12 (Supp.1990); ARIZ.REV.STAT.ANN. §§ 44–1001 to 44–1010 (Supp. 1990); ARK.STAT.ANN. §§ 4–59–201 to 4–59–213 (Supp.1990); CAL.CIV.CODE §§ 3439 to 3439.12 (West Supp.1991); FLA.STAT.ANN. §§ 726.101 to 726.112 (West 1988); HAW.REV.STAT. §§ 651C–1 to 651C–10 (1988); IDAHO CODE §§ 55–910 to 55–921 (1988); ILL.ANN STAT. ch. 59, §§ 101 to 112 (Smith–Hurd Supp.1990); ME.REV.STAT.ANN. tit. 14 §§ 3571 to 3582 (Supp.1990); MINN.STAT.ANN. §§ 513.41 to 513.51 (West 1990); NEB.REV.STAT. §§ 36–601 to 36–613 (1988); NEV.REV.STAT. §§ 112.140 to 112.250 (1987); N.H.REV.STAT.ANN. 545–A:1 to 545–A:12 (Supp.1990); N.J.STAT.ANN. §§ 25:2–20 to 25:2–34 (West Supp.1990); N.M.

STAT.ANN. §§ 56–10–14 to 56–10–25 (Supp.1990); N.D.CENT.CODE §§ 13–02.1–01 to 13–02.1–10 (Supp.1989); OHIO REV.CODE ANN. §§ 1336.01 to 1336.11 (Anderson 1979); OKLA.STAT.ANN. tit. 24 §§ 112 to 123 (West 1989); OR.REV.STAT. §§ 95.-200 to 95.310 (1990); R.I.GEN.LAWS §§ 6–16–1 to 6–16–12 (Supp.1990); S.D.CODIFIED LAWS ANN. §§ 54–8A–1 to 54–8A–12 (1990); TEX.BUS. & COM. CODE ANN. §§ 24.001 to 24.013 (Vernon 1987); UTAH CODE ANN. §§ 25–6–1 to 25–6–13 (1989); WASH.REV.CODE ANN. §§ 19.40.011 to 19.40.903 (1989); W.VA.CODE §§ 40–1A–1 to 40–1A–12 (Supp.1990); WIS.STAT.ANN. §§ 242.01 to 242.11 (WEST SUPP.1990).

right to disclaim when the rights of the disclaimant's creditors are adversely affected. ALA.CODE § 43–8–295 (1985); FLA.STAT. ANN. § 732.801(6) (West 1976 & Supp.1991); MASS.GEN.LAWS ANN. 191A § 8 (West 1990); MINN.STAT.ANN. § 525.532(6) (West Supp. 1991); N.J.REV.STAT.ANN. § 3B:9–9 (West 1990); and WASH.REV.CODE ANN. § 11.86.051 (Supp.1991). California, however, has passed legislation clarifying that "[a] disclaimer is not a fraudulent transfer by the beneficiary." CAL.PROB.CODE § 283 (West Supp.1991). In enacting this provision, the California legislature rejected the holding of *In re Kalt's Estate,* 16 Cal.2d 807, 108 P.2d 401 (1940), that a disclaimer of inherited property could be a fraudulent conveyance. Besides *Kalt,* courts in two other states have ruled that a will beneficiary could not · disclaim his inheritance when done to defeat a creditor; both *In re Estate of Reed,* 566 P.2d 587 (Wyo.1977) and *Stein v. Brown,* 18 Ohio St.3d 305, 480 N.E.2d 1121 (1985), relied on the precedential value of *Kalt.* Following the reasoning in *Kalt* and citing the "trend in the law" of *Reed* and two other cases [3]—which actually did not involve testamentary transfers—the Ohio Supreme Court held in *Stein* that the power to disclaim is essentially analogous to a general power of appointment, thus subject to the scrutiny of fraudulent conveyance statutes. This analogy fails, however, for under a general power of appointment, one may designate the recipient, *Republic Nat'l Bank of Dallas v. Fredericks,* 155 Tex. 79, 283 S.W.2d 39, 46 (1955); 59 TEX.JUR.3d *Powers* (1988), while an intended beneficiary who has disclaimed property under § 37A may not assign the property or its interest to another person. TEX.PROB.CODE ANN. § 37B(a) (Vernon Supp.1991).

Appellate courts in a number of other states have held that a creditor may not satisfy a debt out of disclaimed property. For example, in *Nat'l City Bank of Evansville v. Oldham,* 537 N.E.2d 1193 (Ind.Ct. App.1989), although a bank acquired a lien against the disclaimant's property, the court held that "[t]he effect of the disclaimer is the same as if the disclaimed interest had never been created in the disclaimant ... As there is no transfer of an interest to the disclaimant, there is nothing to which a lien can attach." *Id.* at 1196. The Illinois Supreme Court held that a disclaimer relates back to the date of the decedent's death "even where giving effect to the disclaimer acts to defeat the rights of creditors." *Tompkins State Bank v. Niles,* 127 Ill.2d 209, 130 Ill.Dec. 207, 212, 537 N.E.2d 274, 279 (1989). In *Nielsen v. Cass County Social Serv. Bd.,* 395 N.W.2d 157 (N.D. 1986), the North Dakota Supreme Court held, "Absent an express statutory provision to the contrary, a renunciation is not treated as a fraudulent transfer of assets, and the renouncer's creditors cannot on that ground claim any rights to the renounced property." *Id.* at 159. Unless barred by statute, a disclaimer can defeat a creditor's action, the Wisconsin Court of Appeals held in *In re Estate of Goldammer,* 138 Wis.2d 77, 405 N.W.2d 693 (Ct. App.1987). The South Carolina Supreme Court held that a debtor "is not under any legal obligation, however strong the moral obligation may be, to acquire property as a gift that would benefit his creditors." *Lynch v. Lynch,* 201 S.C. 130, 21 S.E.2d 569 (1942).

Courts have generally taken the position that a creditor cannot prevent a debtor from disclaiming an inheritance. Annotation, *Creditor's Right to Prevent Debtor's Renunciation of Benefit Under Will or Debtor's Election to Take Under Will,* 39 A.L.R. 633 (1985). We adopt the majority view and hold that the "relation back" doctrine prevents a disclaimer from being treated as a transfer under fraudulent transfer acts, absent an express statutory provision to the contrary.

The judgment of the trial court is affirmed.

---

**3.** *United States v. Johnston,* 245 F.Supp. 433 (W.D.Ark.1965), and *Montana Nat'l Bank v. Mi-* *chels,* 631 P.2d 1260 (Mont.1981).