WAYNE TREW, APPELLANT, V. ARLENE TREW, APPELLEE.

558 N.W.2d 314

Filed December 31, 1996.    No. A-96-038.

Thomas A. Wagoner for appellant.

David C. Huston, of Huston & Higgins, for appellee.

SIEVERS, MUES, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

The instant case involves an ex-husband, Wayne Trew, who owes over $100,000 in alimony to his ex-wife, Arlene Trew. Wayne was the beneficiary of a one-eighth interest in his deceased brother's estate, but renounced that interest after Arlene filed a garnishment action in an attempt to recover delinquent alimony owed to her. The Custer County District Court determined that no regard was to be given to Wayne's purported renunciation and that Arlene was entitled to Wayne's one-eighth interest in the decedent's estate up to the extent of the unpaid alimony judgment. Wayne has appealed that order to this court.

## STATEMENT OF FACTS

Wayne and Arlene were divorced in 1975. In the decree of dissolution, Wayne was ordered to pay $400 per month in alimony to Arlene until her death or remarriage. As of August 31, 1995, the alimony judgment was $58,203.80 in arrears and $42,521.89 in interest had accrued thereon, for a total of $100,725.69.

On August 4, 1995, Wayne's brother passed away, leaving a will devising a one-eighth interest in his estate to Wayne. On September 18, Arlene filed a garnishment action against the personal representative of the decedent's estate. On September 29, Arlene filed an application to determine garnishee liability. Thereafter, on November 8, Wayne filed a renunciation of his interest in the estate in the Custer County Court.

On November 16, 1995, this case came on for hearing upon Arlene's application to determine garnishee liability. The only evidence adduced at the hearing was a copy of the county court proceedings concerning the probate of the estate of the decedent. On December 14, the court entered an order finding Wayne was entitled to a one-eighth interest in the residue of the decedent's estate after payment of expenses, claims, and inheritance taxes. The court found that Arlene was entitled to the one-eighth interest in the decedent's estate to the extent of her alimony judgment and ordered the personal representative to pay Wayne's one-eighth share in the decedent's estate to the clerk of the district court to be applied toward the alimony judgment. The court also specifically found that no regard was to be given to Wayne's purported renunciation. It is from this order that Wayne has perfected this appeal.

## ASSIGNMENT OF ERROR

Wayne's three assignments of error can be consolidated into the following issue: whether the district court erred in determining that Wayne's renunciation of the one-eighth interest in the decedent's estate was ineffectual.

## STANDARD OF REVIEW

Garnishment is a legal remedy. *Action Heating & Air Cond. v. Petersen*, 229 Neb. 796, 429 N.W.2d 1 (1988). In

actions at law, factual findings of a trial court in a jury-waived case have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong. *Id.* However, regarding questions of law, an appellate court has an obligation to reach a conclusion independent of the conclusion reached by the trial court. *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

## DISCUSSION

*Statutory Requirements for Renunciation.*

The first issue that we must address is whether Wayne's renunciation was valid and prevented Arlene from reaching his interest in the decedent's estate. Arlene does not claim that Wayne's renunciation was not timely filed or that it failed to contain the necessary elements listed in Neb. Rev. Stat. § 30-2352(a)(2) (Reissue 1995). Indeed, our review of the record establishes that Wayne's renunciation was filed within the statutory time limits and did contain all statutorily required information. Instead, Arlene contends that Wayne failed to properly perfect his renunciation because he did not file his renunciation in the register of deeds' office.

Section 30-2352(b) provides that a renunciation

> must be received by the transferor of the interest, his or her legal representative, the personal representative of a deceased transferor, the trustee of any trust in which the interest being renounced exists, or the holder of the legal title to the property to which the interest relates. . . . If the circumstances which establish the right of a person to renounce an interest arise as a result of the death of an individual, the instrument shall also be filed in the court of the county where proceedings concerning the decedent's estate are pending, or where they would be pending if commenced. *If an interest in real estate is renounced, a copy of the instrument shall also be recorded in the office of the register of deeds in the county in which said real estate lies.*

(Emphasis supplied.)

The record shows that on November 8, 1995, Wayne filed a renunciation of his entire interest in the decedent's estate in the Custer County Court, where he was required to do so. We agree

with Arlene's claim that there is no showing in the record that the renunciation was filed with the office of the register of deeds. However, pursuant to § 30-2352(b), an individual is only required to file a renunciation with the register of deeds when an interest in real estate is renounced.

Although the decedent's estate did contain real property, the will directed that the real estate was to be sold and that the proceeds were to be divided as directed in the will. Thus, Wayne's interest in the decedent's estate did not include real estate, only the proceeds resulting from its sale. It follows then that Wayne had no interest in real estate to renounce and that, consequently, he was not required to file his renunciation with the register of deeds' office. Thus, Wayne's renunciation met statutory requirements and was filed within the statutory time limit as required by § 30-2352. We must now proceed to determine at what point in time the renunciation took effect.

## Operation of Renunciation Statute.

Nebraska law provides that "[u]pon the death of a person, his real and personal property devolves to the persons to whom it is devised by his last will or to those indicated as substitutes for them in cases involving lapse, renunciation, or other circumstances affecting the devolution of testate estate . . . ." Neb. Rev. Stat. § 30-2401 (Reissue 1995). However, Nebraska law also provides that a person who is a beneficiary of an estate may renounce his or her interest in the estate in whole or in part by filing a written renunciation. § 30-2352(a)(1). If a timely renunciation is made,

> [u]nless the transferor of the interest has otherwise indicated in the instrument creating the interest, the interest renounced, and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest renounced, passes as if the person renouncing had predeceased the decedent or had died prior to the date on which the transfer creating the interest in such person is made, as the case may be . . . .

§ 30-2352(c).

Nebraska law also includes a "relation back" provision, which provides that a timely renunciation to an estate "relates back for all purposes to the date of death of the decedent or the

date on which the transfer creating the interest in such person is made, as the case may be." § 30-2352(c). But see *Hoesly v. State*, 243 Neb. 304, 498 N.W.2d 571 (1993) (exception to general rule that renunciation relates back "for all purposes" exists for individuals depriving themselves of any property whatsoever for purposes of qualifying for public assistance).

In sum, because Wayne filed a renunciation meeting statutory requirements within the time limit, pursuant to the statutory language contained in § 30-2352, Wayne's renunciation relates back to the date of the decedent's death for all purposes unless, for some other reason, the renunciation was invalid.

Despite these statutory provisions allowing beneficiaries to renounce their interests, Arlene argues that the Uniform Fraudulent Transfer Act (UFTA), Neb. Rev. Stat. §§ 36-701 to 36-712 (Reissue 1993), precludes Wayne's right to renounce his interest in the decedent's estate. This is a question of first impression in Nebraska.

*UFTA.*

■ UFTA allows a creditor to reach an asset that a debtor has transferred if the transfer meets certain criteria. See §§ 36-705 and 36-706. Thus, the threshold issue in the instant case is whether the renunciation of an interest under a will is a "transfer" for the purposes of UFTA.

■ UFTA defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." § 36-702(12). A transfer of an asset cannot be made until a debtor has acquired rights in the asset transferred. § 36-707(4). Thus, implicit in the act of transferring property is the requirement that the debtor possess the asset. *Dyer v. Eckols*, 808 S.W.2d 531 (Tex. App. 1991). This is so because a person cannot transfer or otherwise dispose of something which he or she does not possess. *Id.* Therefore, we must determine whether a beneficiary "possesses" property that has been renounced.

■ A renunciation is irrevocable, and after renunciation, property passes as if the beneficiary predeceased the decedent.

§ 30-2352(c). Because the property passes as if the beneficiary predeceased the decedent, the beneficiary has no control over the distribution of the property and does not gain possession of the property. *Dyer, supra.* Cf. *Mahlin v. Goc*, 249 Neb. 951, 547 N.W.2d 129 (1996) (operation of joint tenancy upon one joint tenant's death is not "transfer" within meaning of UFTA). Thus, because a beneficiary who has renounced his or her interest in property does not have "possession" of it, the beneficiary cannot make a "transfer" within the meaning of UFTA. Furthermore, because no "transfer" occurs when a beneficiary renounces his or her interest, the beneficiary's reasons for doing so are irrelevant. *Matter of Scrivani,* 116 Misc. 2d 204, 455 N.Y.S.2d 505 (1982).

A majority of courts have taken the position that a creditor cannot prevent a debtor from disclaiming an inheritance. *Dyer, supra;* Annot., *Creditor's Right to Prevent Debtor's Renunciation of Benefit Under Will or Debtor's Election to Take Under Will,* 39 A.L.R.4th 633 (1985). We adopt the majority view and hold that, absent an express statutory provision to the contrary, a renunciation is not treated as a fraudulent transfer of assets and that creditors of the renouncer cannot claim any rights to the renounced property. *Bank v. Martin,* 666 N.E.2d 411 (Ind. App. 1996); *Dyer, supra; National City Bank v. Oldham,* 537 N.E.2d 1193 (Ind. App. 1989); *Estate of Goldammer v. Goldammer,* 138 Wis. 2d 77, 405 N.W.2d 693 (Wis. App. 1987).

The "relation back" doctrine is based on the principle that a bequest or gift is merely an offer which can either be accepted or rejected. *Dyer, supra.*

> Any post-mortem distribution, whether by will or by operation of law, is a donative transfer like any other. The law forces no one to accept a gift. To hold otherwise may impose an unintended hardship on the recipient intended to [be] benefitted, as by triggering unanticipated and unnecessary additional tax liability. Moreover, it may frustrate the intent of the deceased, who sought to benefit the distributee and not a private or public creditor.

*Matter of Scrivani,* 116 Misc. 2d at 208, 455 N.Y.S.2d at 509.

We recognize that this determination may, at first glance, appear to directly conflict with other longstanding and well-established values by seeming to encourage beneficiaries to renounce interests to avoid payment of creditors. See §§ 36-701 to 36-712. See, also, predecessor act, Uniform Fraudulent Conveyance Act, Neb. Rev. Stat. §§ 36-601 to 36-613 (Reissue 1988) (repealed 1989). However, if this court held otherwise, it would require us to legislate by judicial fiat, which we simply do not have the power to do. See, Neb. Const. art. II, § 1; *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994) (Wright, J., dissenting). It is not the province of the courts to legislate through decisions. *Todsen v. Runge*, 211 Neb. 226, 318 N.W.2d 88 (1982); *Anderson v. Carlson*, 171 Neb. 741, 107 N.W.2d 535 (1961). Cf., *Kremer v. Black*, 201 Neb. 467, 268 N.W.2d 582 (1978); *Eliker v. D. H. Merritt & Sons*, 195 Neb. 154, 237 N.W.2d 130 (1975). The remedy, if one is needed, lies with the legislature, not with the courts. For example, Minnesota has enacted a statute which bars a beneficiary's right to disclaim if the beneficiary is insolvent at the time of the event, giving rise to the right to disclaim. Minn. Stat. Annot. § 525.532, subd. 5 (West 1997). See *In re Estate of Abesy*, 470 N.W.2d 713 (Minn. App. 1991). Cf. *Pennington v. Bigham*, 512 So. 2d 1344 (Ala. 1987) (Alabama Code § 43-8-295 (1991) provides that right to disclaim property or interest therein is barred if property is encumbered).

In sum, a renunciation is not a "transfer" as contemplated by UFTA because the beneficiary is merely rejecting a gift and has no interest that he or she can transfer to another person. See *Bank v. Martin, supra*. Consequently, Wayne's renunciation was not barred by UFTA, and the decision of the district court must be reversed.

REVERSED.