**Michael Lynn PARKS, Individually and as Independent Executor of the Estate of Evelyn J. Parks, Deceased, Appellant,**

v.

**Cora Bess PARKER, Appellee.**

No. 03–97–00343–CV.

Court of Appeals of Texas, Austin.

Dec. 11, 1997.

Jon Mark Hogg, Small, Craig & Werkenthin, San Angelo, for Appellant.

Ben Nolen, Smith, Carter, Rose, Finlet & Griffis, P.C., San Angelo, for Appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

JONES, Justice.

In this appeal, we consider (1) whether the trial court abused its discretion in refusing to modify a turnover order directed at the judgment debtor both individually and in his representative capacity as independent executor when the underlying judgment named him only individually, and (2) whether the trial court abused its discretion in refusing to modify a turnover order requiring a judgment debtor to turn over property devised to him after the judgment debtor has disclaimed the property under Texas Probate Code section 37A. *See* Tex. Prob.Code Ann. § 37A (West Supp.1998). Because we answer both questions in the affirmative, we will modify the trial court order and affirm it as modified.

## THE DISPUTE

Appellant Michael Lynn Parks and appellee Cora Bess Parker were divorced by order dated February 21, 1996. The court awarded Cora a $48,728.00 judgment against Michael.

Michael's mother died on October 9, 1996, and Michael was named independent executor of her estate. On February 28, 1997, Cora applied to the Tom Green County District Court for a turnover order requiring Michael, both individually and as independent executor of his mother's estate, to turn over his fifty-percent interest in any real and personal property in his mother's estate. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (West 1997). The court signed the turnover order at an *ex parte* hearing on March 5, 1997. The turnover order recited that Michael, as a beneficiary of his mother's estate, was the owner of a fifty-percent interest in property located at 4918 Blue Ridge Trail. The order required Michael, both individually and as independent executor, to turn over his share of the residence at 4918 Blue Ridge Trail and any personal property received or due to be received from the estate. The turnover order was served on Michael on March 14, 1997.

Michael filed a motion to modify the turnover order on the bases that (1) the order should have been directed at him only in his individual capacity, rather than in both his individual and representative capacities, and (2) he had disclaimed any individual interest in the real property pursuant to Texas Probate Code section 37A. The trial court heard evidence on the motion on May 4, 1997. Michael was the only witness at the hearing.

The evidence shows that the estate contracted to sell the house on January 30, 1997, and that the sale was closed by mail at some time between March 7, 1997 and March 10, 1997. Michael testified that he never took possession of the residence for his personal use and never received any of the proceeds from the sale. Michael mailed a check for the entire proceeds of the sale and an unsigned draft of his disclaimer to his brother on a date between March 10, 1997 and March 13, 1997. The check to Michael's brother cleared the estate's bank account in San Angelo on March 17, 1997. Michael executed a partial disclaimer March 18, 1997, disclaiming only his interest in the real property. The partial disclaimer was filed with the county court of Tom Green County on March 24, 1997.

## DISCUSSION

*Standard of Review and Burden of Proof*

A trial court's decision to issue a turnover order is reviewed for abuse of discretion.

*Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A trial court may be reversed for abusing its discretion when it is determined that the court acted in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Id.* Whether there is evidence to support the turnover award is a relevant consideration in determining if the trial court abused its discretion in issuing the order. *Id.* A clear failure by a trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough,* 898 S.W.2d 251, 253 (Tex.1995); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

*Analysis*

■ By points of error four and five, Michael claims the trial court erred in rendering a turnover order against him in both his individual and representative capacities. The judgment sought to be enforced by the turnover order was rendered only against Michael individually, but the turnover order attempts to bind him further in his representative capacity as independent executor of his mother's estate. Stating that, "Texas courts do not apply the turnover statute to nonjudgment debtors," the Texas Supreme Court held that it was an abuse of discretion for the trial court to issue a turnover order against a defendant in her personal capacity when the underlying judgment named her only in her representative capacity. *Beaumont Bank,* 806 S.W.2d at 227. This holding comports with the literal words of the turnover statute, which provides that the court may "order the *judgment debtor* to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control." Tex. Civ. Prac. & Rem.Code Ann. § 31.002(b) (West 1997) (emphasis added).

Regardless, some courts of appeals have held that in circumstances where a third party retains property that is shown to be non-exempt, owned by a judgment debtor, and subject to the debtor's possession or control, the trial court may issue a turnover order *against the third party. See Dale v. Finance Am. Corp.,* 929 S.W.2d 495, 498 (Tex.App.—Fort Worth 1996, writ denied); *International Paper Co. v. Garza,* 872 S.W.2d 18, 19 (Tex.App.—Corpus Christi 1994, orig. proceeding); *Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 384 (Tex. App.—San Antonio 1992, writ denied), *cert. denied,* 508 U.S. 965, 113 S.Ct. 2944, 124 L.Ed.2d 692 (1993); *Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co.,* 703 S.W.2d 345, 349 (Tex.App.—San Antonio 1985, no writ).

■ We decline to follow that line of cases. Section 31.002 authorizes the issuance of an order against *only* the judgment debtor. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.002; *see also Cross, Kieschnick & Co. v. Johnston,* 892 S.W.2d 435, 439 (Tex.App.—San Antonio 1994, no writ) (reversing turnover order rendered against partners when underlying judgment involved corporation); *Republic Ins. Co. v. Millard,* 825 S.W.2d 780, 783 (Tex.App.—Houston [14th Dist.] 1992, no writ) (trial court abused discretion by including debtor's insurance company in turnover order when creditors sought title to debtor's cause of action against insured); *Cravens, Dargan & Co. v. Peyton L. Travers Co., Inc.,* 770 S.W.2d 573, 576–77 (Tex.App.—Houston [1st Dist.] 1989, writ denied) (could not use turnover statute to reach funds held by State Board of Insurance); *United Bank Metro v. Plains Overseas Group, Inc.,* 670 S.W.2d 281, 284 (Tex.App.—Houston [1st Dist.] 1983, no writ) (creditor who obtained judgment against individual was not entitled to turnover order against corporation).

■ The judgment debtor may be ordered to turn over property he possesses. The judgment debtor can also be ordered to turn over property, no matter who possesses it, if the property is subject to his control. § 31.002. The debtor risks imprisonment for contempt if he does not comply. *Id.; cf. Ex parte Ramzy,* 424 S.W.2d 220, 225–226 (Tex. 1968) (order of contempt for not returning coins upheld as to coins relator had allegedly given to his children, but reversed as to coins resold by purchaser); *Ex parte Green,* 603 S.W.2d 216, 217–18 (Tex.1980) (relator could not be held in contempt for continued operation of brothel because no evidence showed he exercised control over operation). However, there is no provision for the issuance of a turnover order against a third party who possesses property belonging to the judg-

ment debtor.[1] We sustain points of error four and five.

■ By points of error one and two, Michael complains that the trial court erred in denying his request to modify the turnover order to delete its reference to the real property at 4918 Blue Ridge Trail because the evidence conclusively proved that he had disclaimed any interest in it. We agree. In addition to the turnover statute, Texas Probate Code sections 37 and 37A are relevant to this issue. *See* Tex. Prob.Code Ann. § 37, 37A (West Supp.1998); Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (West 1997).

Section 37 of the Probate Code provides that when a person dies, leaving a lawful will, the devised property vests immediately in the devisees. Tex. Prob.Code Ann. § 37 (West Supp.1998); *see also Johnson v. McLaughlin,* 840 S.W.2d 668, 671 (Tex. App.—Austin 1992, no writ). Section 37A, however, states that "any person" may disclaim any property he is entitled to receive from a decedent's estate and that such a disclaimer "shall be effective as of the death of the decedent and shall relate back for all purposes to the death of the decedent and is not subject to the claims of any creditor of the disclaimant." Tex. Prob.Code Ann. § 37A (West Supp.1998). The disclaimer is irrevocable. *Id.* § 37A(d). To be effective, the disclaimer must be in writing, notarized, and filed within nine months of the death of the decedent. *Id.* § 37A(a). A person may not disclaim property that he or she has taken possession of or exercised dominion or control over. *Id.* § 37A(g).

■ The turnover statute provides that a judgment creditor may receive an order to reach property to satisfy a judgment if the judgment debtor owns nonexempt property that cannot be readily attached or levied on by ordinary legal process. Tex. Civ. Prac. & Rem.Code Ann. § 31.002(a) (West 1997). Under section 31.002, the court may order the judgment debtor to turn over to a designated official nonexempt property that is in his possession or subject to his control. *Id.* 31.002(b)(1). Once property is traced to the

debtor, the debtor bears the burden of establishing that certain property is no longer in his or her possession. *See Beaumont Bank,* 806 S.W.2d at 226.

The right accorded by section 37A to disclaim an inheritance for a nine-month period after the testator's death is qualified only by the provision that the beneficiary not have exercised control over the property. Tex. Prob.Code Ann. § 37A(g) (West Supp.1998). Cora does not contend that Michael in any way exercised control over the property in his capacity as beneficiary, nor does the record show that he did.

Cora appears to argue that the disclaimer was somehow legally ineffective because it was executed after the turnover order was served. Although no Texas case has determined whether a debtor may disclaim property after a turnover order has issued, we find persuasive the rationale the Fourteenth Court of Appeals used in holding that a person who knew that she was a potential defendant in a wrongful death suit did not violate the Fraudulent Conveyance Act by disclaiming her share of a bequest. *See Dyer v. Eckols,* 808 S.W.2d 531, 535 (Tex. App.—Houston [14th Dist.] 1991, writ dism'd by agr.). The *Dyer* court reasoned that the disclaimer was not a transfer because the beneficiary never *possessed* the property. *Id.; see also Welder v. Hitchcock,* 617 S.W.2d 294, 298 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.) (discussing evolution of right to disclaim).

In *Leggett v. United States,* 120 F.3d 592 (5th Cir.1997), the Fifth Circuit recently reached a similar result when it interpreted Texas law to decide whether a disclaimer filed under Texas Probate Code section 37A prevented the attachment of an Internal Revenue Service lien. The court noted that state law determines whether a taxpayer has a property interest to which a federal lien can attach. Relying on *Dyer,* the Fifth Circuit held that the lien could not attach since the disclaimant never possessed the property. *Id.* at 596; *see In re Simpson,* 36 F.3d 450, 452–453 (5th Cir.1994) (disclaimer of inheritance made day before consumer files for

---

1. Moreover, the issuance of such an order may be constitutionally suspect. *See Ex parte Swate,*

922 S.W.2d 122, 125–26 (Tex.1996) (Gonzales, J., concurring).

bankruptcy not transfer of property because consumer did not own or possess property).

In sum, the turnover statute requires that the debtor own and either possess or control the property against which a turnover order issues. Neither requirement is met if section 37A applies. Section 37A cannot be used if the debtor has exercised control over the property; further, under section 37A, the ownership vested by section 37 is eliminated retroactively and the beneficiary does not possess the property.

Other states have disclaimer statutes similar to section 37A. Unlike Texas, many states also limit the circumstances in which one may disclaim an inheritance. For example, section 5 of the Uniform Disclaimer of Property Interests Act provides that the right to disclaim is barred after (1) an assignment, conveyance, encumbrance, pledge, or transfer of the interest, (2) a written waiver of the right to disclaim, (3) an acceptance of the property or interest or a benefit thereunder, or (4) a sale of the property or interest under judicial sale made before the disclaimer is affected. Uniform Disclaimer of Property Interests Act § 5, 8A U.L.A. 149, 157 (1993). But even in states that have adopted a version of the barring provisions, courts have held that the judgment debtor has a right to disclaim even after execution on the property has begun, as long as it is before the property is sold. See, e.g., Frances Slocum Bank & Trust Co. v. Estate of Martin, 666 N.E.2d 411 (Ind.Ct.App.1996) (disclaimer made by judgment debtor after garnishment proceedings were begun and summons served effective).

Section 37A's provision that the disclaimer is effective as of the date of the testator's death is based on the principle that a bequest or gift is nothing more than an offer that can be accepted or rejected. See, e.g., Welder, 617 S.W.2d at 297; see also Dyer, 808 S.W.2d at 533. Even before the enactment of section 37A, Texas courts recognized the right to renounce a gift under a will. Wyatt v. Wyatt, 188 S.W.2d 685, 688 (Tex.Civ.App.—Fort Worth 1945, writ ref'd); First City Nat'l Bank v. Toombs, 431 S.W.2d 404, 406 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.). The motives for the disclaimer were considered immaterial. Toombs, 431 S.W.2d at 406. Although no Texas court considered the issue, courts in other states generally held that a creditor could not prevent a judgment debtor from disclaiming his or her interest in an estate. See Annotation, Creditor's Right to Prevent Debtor's Renunciation of Benefit Under Will or Debtor's Election to Take Under Will, 39 A.L.R.4th 633 (1985). That certainly appears to be the intent of section 37A, since it specifically provides that the disclaimed property "is not subject to any creditor of the disclaimant."

In this case, Michael proved conclusively that he had disclaimed his interest in the property pursuant to section 37A. Because the plain words of section 37A give Michael an absolute right to disclaim the property within nine months of his mother's death, and further provide that the disclaimer relates back to the date of the testator's death and that the disclaimed property is not subject to the disclaimant's creditors, we hold that the trial court abused its discretion in refusing to modify the turnover order requiring him to turn over the real property.[2] We sustain points of error one and two.[3]

---

**2.** The issue whether a judgment debtor may renounce his or her interest in an estate has not been widely considered. However, other courts that have considered the issue have reached a similar conclusion. See Estate of Opatz v. Speldrich, 554 N.W.2d 813 (N.D.1996) (judgment debtor's statutory right to renounce property effective despite pre-existing judgment lien and garnishment proceedings, even though statute prohibited renunciation after encumbrance or judicial sale); Trew v. Trew, 5 Neb.App. 255, 558 N.W.2d 314 (1996), rev'd on other grounds, 252 Neb. 555, 567 N.W.2d 284 (1997) (renunciation of interest in estate effective even after judgment creditor filed garnishment action); Frances Slocum Bank

& Trust Co. v. Estate of Martin, 666 N.E.2d 411 (Ind.Ct.App.1996) (disclaimer made by judgment debtor after garnishment proceedings were begun and summons served effective); National City Bank v. Oldham, 537 N.E.2d 1193, 1197 (Ind.Ct.App.1989) (disclaimer executed by judgment debtor after garnishment proceeding has begun is effective).

**3.** Due to our disposition of points one and two, we need not address point of error three, which challenges the trial court's refusal to delete the reference to the disclaimed property on the ground of factual insufficiency of the evidence.

## CONCLUSION

We modify the trial court order to delete both its reference to Michael Parks in his representative capacity as independent executor of his mother's estate and its reference to the real property at 4918 Blue Ridge Trail, and we affirm the order as modified.