TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00343-CV







Michael Lynn Parks, Individually and as Independent Executor

of the Estate of Evelyn J. Parks, Deceased, Appellant


v.



Cora Bess Parker, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-97-0243-C, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING 







 In this appeal, we consider (1) whether the trial court abused its discretion in refusing to
modify a turnover order directed at the judgment debtor both individually and in his representative capacity
as independent executor when the underlying judgment named him only individually, and (2) whether the
trial court abused its discretion in refusing to modify a turnover order requiring a judgment debtor to turn
over property devised to him after the judgment debtor has disclaimed the property under Texas Probate
Code section 37A. See Tex. Prob. Code Ann. § 37A (West Supp. 1998). Because we answer both
questions in the affirmative, we will modify the trial court order and affirm it as modified.


THE DISPUTE


 Appellant Michael Lynn Parks and appellee Cora Bess Parker were divorced by order
dated February 21, 1996. The court awarded Cora a $48,728.00 judgment against Michael. Michael's
mother died on October 9, 1996, and Michael was named independent executor of her estate. On
February 28, 1997, Cora applied to the Tom Green County District Court for a turnover order requiring
Michael, both individually and as independent executor of his mother's estate, to turn over his fifty-percent
interest in any real and personal property in his mother's estate. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002 (West 1997). The court signed the turnover order at an ex parte hearing on March 5, 1997. 
The turnover order recited that Michael, as a beneficiary of his mother's estate, was the owner of a fifty-percent interest in property located at 4918 Blue Ridge Trail. The order required Michael, both individually
and as independent executor, to turn over his share of the residence at 4918 Blue Ridge Trail and any
personal property received or due to be received from the estate. The turnover order was served on
Michael on March 14, 1997.

 Michael filed a motion to modify the turnover order on the bases that (1) the order should
have been directed at him only in his individual capacity, rather than in both his individual and representative
capacities, and (2) he had disclaimed any individual interest in the real property pursuant to Texas Probate
Code section 37A. The trial court heard evidence on the motion on May 4, 1997. Michael was the only
witness at the hearing.

 The evidence shows that the estate contracted to sell the house on January 30, 1997, and
that the sale was closed by mail at some time between March 7, 1997 and March 10, 1997. Michael
testified that he never took possession of the residence for his personal use and never received any of the
proceeds from the sale. Michael mailed a check for the entire proceeds of the sale and an unsigned draft
of his disclaimer to his brother on a date between March 10, 1997 and March 13, 1997. The check to
Michael's brother cleared the estate's bank account in San Angelo on March 17, 1997. Michael executed
a partial disclaimer March 18, 1997, disclaiming only his interest in the real property. The partial disclaimer
was filed with the county court of Tom Green County on March 24, 1997.


DISCUSSION


Standard of Review and Burden of Proof

 A trial court's decision to issue a turnover order is reviewed for abuse of discretion. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). A trial court may be reversed for
abusing its discretion when it is determined that the court acted in an unreasonable or arbitrary manner, or
without reference to any guiding rules or principles. Id. Whether there is evidence to support the turnover
award is a relevant consideration in determining if the trial court abused its discretion in issuing the order. 
Id. A clear failure by a trial court to analyze or apply the law correctly is an abuse of discretion. McDaniel
v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).


Analysis

 By points of error four and five, Michael claims the trial court erred in rendering a turnover
order against him in both his individual and representative capacities. The judgment sought to be enforced
by the turnover order was rendered only against Michael individually, but the turnover order attempts to
bind him further in his representative capacity as independent executor of his mother's estate. Stating that,
"Texas courts do not apply the turnover statute to non-judgment debtors," the Texas Supreme Court held
that it was an abuse of discretion for the trial court to issue a turnover order against a defendant in her
personal capacity when the underlying judgment named her only in her representative capacity. Beaumont
Bank, 806 S.W.2d at 227. This holding comports with the literal words of the turnover statute, which
provides that the court may "order the judgment debtor to turn over nonexempt property that is in the
debtor's possession or is subject to the debtor's control." Tex. Civ. Prac. & Rem. Code Ann. §
31.002(b) (West 1997) (emphasis added).

 Regardless, some courts of appeals have held that in circumstances where a third party
retains property that is shown to be non-exempt, owned by a judgment debtor, and subject to the debtor's
possession or control, the trial court may issue a turnover order against the third party. See Dale v.
Finance Am. Corp., 929 S.W.2d 495, 498 (Tex. App.--Fort Worth 1996, writ denied); International
Paper Co. v. Garza, 872 S.W.2d 18, 19 (Tex. App.--Corpus Christi 1994, orig. proceeding); Daniels
v. Pecan Valley Ranch, Inc., 831 S.W.2d 372, 384 (Tex. App.--San Antonio 1992, writ denied), cert.
denied, 508 U.S. 965 (1993); Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co., 703
S.W.2d 345, 349 (Tex. App.--San Antonio 1985, no writ).

 We decline to follow that line of cases. Section 31.002 authorizes the issuance of an order
against only the judgment debtor. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002; see also Cross,
Kieschnick & Co. v. Johnston, 892 S.W.2d 435, 439 (Tex. App.--San Antonio 1994, no writ)
(reversing turnover order rendered against partners when underlying judgment involved corporation);
Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex. App.--Houston [14th Dist.] 1992, no writ)
(trial court abused discretion by including debtor's insurance company in turnover order when creditors
sought title to debtor's cause of action against insured); Cravens, Dargan & Co. v. Peyton L. Travers
Co., Inc., 770 S.W.2d 573, 576-77 (Tex. App.--Houston [1st Dist.] 1989, writ denied) (could not use
turnover statute to reach funds held by State Board of Insurance); United Bank Metro v. Plains Overseas
Group, Inc., 670 S.W.2d 281, 284 (Tex. App.--Houston [1st Dist.] 1983, no writ) (creditor who
obtained judgment against individual was not entitled to turnover order against corporation).

 The judgment debtor may be ordered to turn over property he possesses. The judgment
debtor can also be ordered to turn over property, no matter who possesses it, if the property is subject to
his control. § 31.002. The debtor risks imprisonment for contempt if he does not comply. Id.; cf. Ex parte
Ramzy, 424 S.W.2d 220, 225-226 (Tex. 1968) (order of contempt for not returning coins upheld as to
coins relator had allegedly given to his children, but reversed as to coins resold by purchaser); Ex parte
Green, 603 S.W.2d 216, 217-18 (Tex. 1980) (relator could not be held in contempt for continued
operation of brothel because no evidence showed he exercised control over operation). However, there
is no provision for the issuance of a turnover order against a third party who possesses property belonging
to the judgment debtor. (1) We sustain points of error four and five.

 By points of error one and two, Michael complains that the trial court erred in denying his
request to modify the turnover order to delete its reference to the real property at 4918 Blue Ridge Trail
because the evidence conclusively proved that he had disclaimed any interest in it. We agree. In addition
to the turnover statute, Texas Probate Code sections 37 and 37A are relevant to this issue. See Tex. Prob.
Code Ann. § 37, 37A (West Supp. 1998); Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 1997).

 Section 37 of the Probate Code provides that when a person dies, leaving a lawful will, the
devised property vests immediately in the devisees. Tex. Prob. Code Ann. § 37 (West Supp. 1998); see
also Johnson v. McLaughlin, 840 S.W.2d 668, 671 (Tex. App.--Austin 1992, no writ). Section 37A,
however, states that "any person" may disclaim any property he is entitled to receive from a decedent's
estate and that such a disclaimer "shall be effective as of the death of the decedent and shall relate back for
all purposes to the death of the decedent and is not subject to the claims of any creditor of the disclaimant." 
Tex. Prob. Code Ann. § 37A (West Supp. 1998). The disclaimer is irrevocable. Id. § 37A(d). To be
effective, the disclaimer must be in writing, notarized, and filed within nine months of the death of the
decedent. Id. § 37A(a). A person may not disclaim property that he or she has taken possession of or
exercised dominion or control over. Id. § 37A(g).

 The turnover statute provides that a judgment creditor may receive an order to reach
property to satisfy a judgment if the judgment debtor owns nonexempt property that cannot be readily
attached or levied on by ordinary legal process. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (West
1997). Under section 31.002, the court may order the judgment debtor to turn over to a designated official
nonexempt property that is in his possession or subject to his control. Id. 31.001(b)(1). Once property is
traced to the debtor, the debtor bears the burden of establishing that certain property is no longer in his or
her possession. See Beaumont Bank, 806 S.W.2d at 226.

 The right accorded by section 37A to disclaim an inheritance for a nine-month period after
the testator's death is qualified only by the provision that the beneficiary not have exercised control over the
property. Tex. Prob. Code Ann. § 37A(g) (West Supp. 1998). Cora does not contend that Michael in
any way exercised control over the property in his capacity as beneficiary, nor does the record show that
he did.

 Cora appears to argue that the disclaimer was somehow legally ineffective because it was
executed after the turnover order was served. Although no Texas case has determined whether a debtor
may disclaim property after a turnover order has issued, we find persuasive the rationale the Fourteenth
Court of Appeals used in holding that a person who knew that she was a potential defendant in a wrongful
death suit did not violate the Fraudulent Conveyance Act by disclaiming her share of a bequest. See Dyer
v. Eckols, 808 S.W.2d 531, 535 (Tex. App.--Houston [14th Dist.] 1991, writ dism'd by agr.). The Dyer
court reasoned that the disclaimer was not a transfer because the beneficiary never possessed the property. 
Id.; see also Welder v. Hitchcock, 617 S.W.2d 294, 298 (Tex. Civ. App.--Corpus Christi 1981, writ
ref'd n.r.e.) (discussing evolution of right to disclaim).

 In Leggett v. United States, 120 F.3d 592 (5th Cir. 1997), the Fifth Circuit recently
reached a similar result when it interpreted Texas law to decide whether a disclaimer filed under Texas
Probate Code section 37A prevented the attachment of an Internal Revenue Service lien. The court noted
that state law determines whether a taxpayer has a property interest to which a federal lien can attach. 
Relying on Dyer, the Fifth Circuit held that the lien could not attach since the disclaimant never possessed
the property. Id. at 596; see In re Simpson, 36 F.3d 450, 452-453 (5th Cir. 1994) (disclaimer of
inheritance made day before consumer files for bankruptcy not transfer of property because consumer did
not own or possess property).

 In sum, the turnover statute requires that the debtor own and either possess or control the
property against which a turnover order issues. Neither requirement is met if section 37A applies. Section
37A cannot be used if the debtor has exercised control over the property; further, under section 37A, the
ownership vested by section 37 is eliminated retroactively and the beneficiary does not possess the property.

 Other states have disclaimer statutes similar to section 37A. Unlike Texas, many states also
limit the circumstances in which one may disclaim an inheritance. For example, section 5 of the Uniform
Disclaimer of Property Interests Act provides that the right to disclaim is barred after (1) an assignment,
conveyance, encumbrance, pledge, or transfer of the interest, (2) a written waiver of the right to disclaim,
(3) an acceptance of the property or interest or a benefit thereunder, or (4) a sale of the property or interest
under judicial sale made before the disclaimer is affected. Uniform Disclaimer of Property Interests Act §
5, 8A U.L.A. 149, 157 (1993). But even in states that have adopted a version of the barring provisions,
courts have held that the judgment debtor has a right to disclaim even after execution on the property has
begun, as long as it is before the property is sold. See, e.g., Frances Slocum Bank & Trust Co. v. Estate
of Martin, 666 N.E.2d 411 (Ind. Ct. App. 1996) (disclaimer made by judgment debtor after garnishment
proceedings were begun and summons served effective).

 Section 37A's provision that the disclaimer is effective as of the date of the testator's death
is based on the principle that a bequest or gift is nothing more than an offer that can be accepted or rejected. 
See, e.g., Welder, 617 S.W.2d at 297; see also Dyer, 808 S.W.2d at 533. Even before the enactment
of section 37A, Texas courts recognized the right to renounce a gift under a will. Wyatt v. Wyatt, 188
S.W.2d 685, 688 (Tex. Civ. App.--Fort Worth 1945, writ ref'd); First City Nat'l Bank v. Toombs, 431
S.W.2d 404, 406 (Tex. Civ. App.--San Antonio 1968, writ ref'd n.r.e.). The motives for the disclaimer
were considered immaterial. Toombs, 431 S.W.2d at 406. Although no Texas court considered the issue,
courts in other states generally held that a creditor could not prevent a judgment debtor from disclaiming his
or her interest in an estate. See Annotation, Creditor's Right to Prevent Debtor's Renunciation of
Benefit Under Will or Debtor's Election to Take Under Will, 39 A.L.R.4th 633 (1985). That certainly
appears to be the intent of section 37A, since it specifically provides that the disclaimed property "is not
subject to any creditor of the disclaimant."

 In this case, Michael proved conclusively that he had disclaimed his interest in the property
pursuant to section 37A. Because the plain words of section 37A give Michael an absolute right to disclaim
the property within nine months of his mother's death, and further provide that the disclaimer relates back
to the date of the testator's death and that the disclaimed property is not subject to the disclaimant's
creditors, we hold that the trial court abused its discretion in refusing to modify the turnover order requiring
him to turn over the real property. (2) We sustain points of error one and two. (3)

CONCLUSION


 We modify the trial court order to delete both its reference to Michael Parks in his
representative capacity as independent executor of his mother's estate and its reference to the real property
at 4918 Blue Ridge Trail, and we affirm the order as modified.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Modified and, as Modified, Affirmed

Filed: December 11, 1997

Publish

1.   Moreover, the issuance of such an order may be constitutionally suspect. See Ex parte Swate, 922
S.W.2d 122, 125-26 (Tex. 1996) (Gonzales, J., concurring).
2. The issue whether a judgment debtor may renounce his or her interest in an estate has not been
widely considered. However, other courts that have considered the issue have reached a similar
conclusion. See Estate of Opatz v. Speldrich, 554 N.W.2d 813 (N.D. 1996) (judgment debtor's
statutory right to renounce property effective despite pre-existing judgment lien and garnishment
proceedings, even though statute prohibited renunciation after encumbrance or judicial sale); Trew v. Trew,
558 N.W.2d 314 (Neb. Ct. App. 1996), rev'd on other grounds, 567 N.W.2d 284 (Neb. 1997)
(renunciation of interest in estate effective even after judgment creditor filed garnishment action); Frances
Slocum Bank & Trust Co. v. Estate of Martin, 666 N.E.2d 411 (Ind. Ct. App. 1996) (disclaimer made
by judgment debtor after garnishment proceedings were begun and summons served effective); National
City Bank v. Oldham, 537 N.E.2d 1193, 1197 (Ind. Ct. App. 1989) (disclaimer executed by judgment
debtor after garnishment proceeding has begun is effective).
3. Due to our disposition of points one and two, we need not address point of error three, which
challenges the trial court's refusal to delete the reference to the disclaimed property on the ground of factual
insufficiency of the evidence.


(W1) Regular">Section 37A's provision that the disclaimer is effective as of the date of the testator's death
is based on the principle that a bequest or gift is nothing more than an offer that can be accepted or rejected. 
See, e.g., Welder, 617 S.W.2d at 297; see also Dyer, 808 S.W.2d at 533. Even before the enactment
of section 37A, Texas courts recognized the right to renounce a gift under a will. Wyatt v. Wyatt, 188
S.W.2d 685, 688 (Tex. Civ. App.--Fort Worth 1945, writ ref'd); First City Nat'l Bank v. Toombs, 431
S.W.2d 404, 406 (Tex. Civ. App.--San Antonio 1968, writ ref'd n.r.e.). The motives for the disclaimer
were considered immaterial. Toombs, 431 S.W.2d at 406. Although no Texas court considered the issue,
courts in other states generally held that a creditor could not prevent a judgment debtor from disclaiming his
or her interest in an estate. See Annotation, Creditor's Right to Prevent Debtor's Renunciation of
Benefit Under Will or Debtor's Election to Take Under Will, 39 A.L.R.4th 633 (1985). That certainly
appears to be the intent of section 37A, since it specifically provides that the disclaimed property "is not
subject to any creditor of the disclaimant."

 In this case, Michael proved conclusively that he had disclaimed his interest in the property
pursuant to section 37A. Because the plain words of section 37A give Michael an absolute right to disclaim
the property within nine months of his mother's death, and further provide that the disclaimer relates back
to the date of the testator's death and that the disclaimed property is not subject to the disclaimant's
creditors, we hold that the trial court abused its discretion in refusing to modify the turnover order requiring
him to turn over the real property. (2) We sustain points of error one and two. (3)

CONCLUSION


 We modify the trial court order to delete both its reference to Michael Parks in his
representative capacity as independent executor of his mother's estate and i