TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00716-CV






Elaine Badouh Hale and Scott Edward Parker, Appellants




v.




Edward Badouh, Jr., Individually and As Next Friend of Edward Badouh, III,

a Minor, and Charles B. Gorham, Appellees






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 96-PC 234-A, HONORABLE FRED CLARK, JUDGE PRESIDING







 The Estate of Rubylien Barber Badouh filed a suit for declaratory relief concerning
the ownership of certain property in New Braunfels, Texas. The trial court granted summary
judgment declaring that Elaine Badouh Hale's attempt to disclaim her inheritance of the property
was invalid and ineffective, and that Edward Badouh, Jr.'s request for turnover relief did not
violate the no-contest clause of Rubylien Badouh's will. Appellants, Elaine Badouh Hale and her
son, Scott Edward Parker, appeal asserting in four points of error that as a matter of law (1) the
disclaimer executed by Hale was valid and effective, and (2) Edward Badouh, Jr.'s actions
violated the no-contest clause of the Will. We will affirm in part and reverse and remand in part.


FACTUAL AND PROCEDURAL BACKGROUND

 In 1990, Rubylien Barber Badouh executed her will, and in 1991 she executed the
first codicil to her will (together, the "Will"). The Will specifically bequeathed to her daughter,
Elaine Badouh Hale, Rubylien Badouh's home in New Braunfels (the "Property").

 In 1992, Edward Badouh, Jr. ("EBJ") and the guardianship estate of Rubylien
Badouh obtained a final judgment against Hale in excess of $150,000. The judgment was
abstracted and recorded in the official public records of Comal County. In 1994, attorney Charles
Gorham performed some legal services for Hale for which he was not paid. On April 27, 1994,
Hale executed a deed of trust and a real estate lien note for $100,000 in favor of Gorham on
Hale's interest in the Property. The deed of trust stated: 


For value received and to secure payment of the note, Grantor conveys all of her
present and future rights, title and interest in the property, including her
expectancy of ownership of the property by reason of inheritance from Rubylien
Barber Badouh, to Trustee in trust. Grantor warrants and agrees to defend the title
to the property. If Grantor performs all of the covenants and pays the note
according to its terms, this deed of trust shall have no further effect, and
Beneficiary shall release it at Grantor's expense.


 On August 18, 1996, Rubylien Badouh died, survived by Edward Badouh, Jr. and
his son, Edward Badouh, III, and by Hale and Hale's two sons, Scott Edward Parker and Kenneth
Dorsey Parker. The Will was filed for probate on August 23, 1996 and on January 30, 1997, a
dependent administration was established for Rubylien Badouh's estate ("Estate").

 On January 23, 1997, EBJ filed an application for a turnover order to enforce his
judgment against Hale's interest in Estate assets. On January 28, 1997, Hale filed a disclaimer
in her entire interest in Estate assets. Gorham filed a plea in intervention to assert his claim
against Hale's interest in the Property.

 On February 24, 1997, the Estate filed a petition for declaratory judgment as to the
validity of Hale's disclaimer and how to properly distribute Estate assets. Hale and Parker filed
separate motions for summary judgment as did EBJ, the Estate, and Gorham. On August 4, 1997,
the trial court issued an order granting partial summary judgment and severance. The judgment
declared that Hale's disclaimer was invalid and ineffective because, before filing the disclaimer,
Hale had exercised dominion and control over the Property by executing the deed of trust and note
in favor of Gorham. The order also declared that EBJ's pleadings for turnover relief did not
violate the no-contest clause in the Will.


DISCUSSION

 In their first point of error, appellants challenge the trial court's declaratory relief
on the issue of Hale's disclaimer. The standards of review for summary judgment are well
established: (1) the movant for summary judgment has the burden of showing that no issue of
material fact exists and that she is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in her favor. Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). If the judgment specifies the basis for granting summary
judgment, the appellate court is not required to affirm on a ground that, although asserted in the
motion, was not set forth in the judgment. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
625-26 (Tex. 1996); State Farm Fire & Casualty Co. v. S.S., 858 S.W.2d 374, 380-81 (Tex.
1993). In the present case, the trial court granted declaratory relief that the disclaimer was invalid
on the sole ground that Hale had exercised dominion and control over the Property by executing
the deed of trust and real estate lien note before Rubylien Badouh's death.

 A conveyance or assignment of an expectancy interest is generally enforceable. 
See Hale v. Hollon, 39 S.W. 287, 291-92 (Tex. 1897) (though viewed with great suspicion,
assignments of expectancy interest are enforceable in equity if assignee demonstrates that whole 
of circumstances shows fair and just transaction); Estate of York, 934 S.W.2d 848, 850 (Tex.
App.--Corpus Christi 1996, writ denied); Rivers v. Rivers, 346 S.W.2d 376, 378 (Tex. Civ.
App.--Eastland 1961, writ ref'd n.r.e.). An expectancy may, of course, be altered or extinguished
by a number of possible events such as a testator's changing her will, or the holder of the expectancy
predeceasing the person from whom the gift is expected. See Joyner v. Christian, 113 S.W.2d
1229, 1231 (Tex. 1938) (expectancy lapses if potential recipient predeceases holder of antecedent
estate); Ingram v. Medford, 440 S.W.2d 391, 392 (Tex. Civ. App.--Texarkana 1969, no writ)
(assignor of expectancy interest predeceases testator, assignee receives nothing).

 This court recently discussed disclaimers in Parks v. Parker, 957 S.W.2d 666 (Tex.
App.--Austin 1997, no pet.):


 Section 37 of the Probate Code provides that when a person dies, leaving
a lawful will, the devised property vests immediately in the devisees. Tex. Prob.
Code Ann. § 37 (West Supp. 1998); see also Johnson v. McLaughlin, 840 S.W.2d
668, 671 (Tex. App.--Austin 1992, no writ). Section 37A, however, states that
"any person" may disclaim any property he is entitled to receive from a decedent's
estate and that such a disclaimer "shall be effective as of the death of the decedent
and shall relate back for all purposes to the death of the decedent and is not subject
to the claims of any creditor of the disclaimant." Tex. Prob. Code Ann. § 37A
(West Supp. 1998). The disclaimer is irrevocable. Id. § 37A(d). To be effective,
the disclaimer must be in writing, notarized, and filed within nine months of the
death of the decedent. Id. § 37A(a). A person may not disclaim property that he
or she has taken possession of or exercised dominion or control over. Id.
§ 37A(g).



Parks, 957 S.W.2d at 669.

 In Parks, we concluded that the disclaimer involved was legally effective and could
defeat the general creditor's attempt to reach property bequeathed to the debtor even though the
disclaimer was executed after the turnover order had been served. Id. at 670; see also Dyers v.
Eckols, 808 S.W.2d 531, 534 (Tex. App.--Houston [14th Dist.] 1991, writ dism'd by agr.)
(disclaimer could not be fraudulent transfer because Probate Code treats property as if person
disclaiming never possessed it). While the present case involves the question of whether a specific
assignment or conveyance of an expectancy may be defeated by disclaimer, (1) based on the
reasoning stated by the trial court here, we will affirm the summary judgment only if Hale's
pledging her expectancy interest in the Property before her mother's death was an exercise of
dominion and control over the Property.

 The Probate Code states that "[n]o disclaimer shall be effective after the acceptance
of the property by the beneficiary. For the purpose of this section, acceptance shall occur only
if the person making such disclaimer has previously taken possession or exercised dominion and
control of such property in the capacity of beneficiary." Tex. Prob. Code Ann. § 37A(g) (West
Supp. 1998) (emphasis added). A beneficiary is "a person who would have been entitled, if the
person had not made a disclaimer, to receive property as a result of the death of another person." 
Id. § 37(A). Because one cannot be "entitled" to receive such property until the decedent's death,
one may not be a beneficiary before the decedent's death. It follows logically that one may not
act in the capacity of beneficiary until after the death. Thus, Hale's actions taken before her 
mother's death cannot invalidate the disclaimer under section 37A(g) because Hale was not acting
in the capacity as beneficiary. (2) We sustain point one.

 In their third point of error, appellants contend the trial court erred in failing to
grant their own motion for summary judgment because the disclaimer executed by Hale was valid
and effective as a matter of law. When both parties move for summary judgment and one motion
is granted and the other is denied, all questions presented to the trial court may be presented for
consideration on appeal, including whether the losing party's motion should have been granted. 
Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). Accordingly, we will consider appellants'
complaint that the trial court erred in overruling their motion for summary judgment.

 In its response to appellants' motion for summary judgment, EBJ raised two
grounds to rebut Hale's motion (in addition to the argument we rejected in our discussion of point
of error one). (3) Essentially conceding the technical validity of the disclaimer, EBJ contended that
Hale's actions in staying at the Property during the funeral and in dismissing potential buyers from
the Property constituted the exercise of dominion and control over the property. However, in its
order granting partial summary judgment, the trial court found "as a matter of fact and law" that
these actions did not constitute dominion and control, and this finding is not challenged on appeal.

 EBJ also contends that because the lien on the Property was present in the county
land records at the time of and at all times following the mother's death, the lien's continuing
nature constituted an exercise of dominion and control over the Property after the death and at
which time Hale actually was a beneficiary. We decline to hold that the continuing nature of the
lien on Hale's expectancy interest constituted an exercise of dominion and control by Hale over
the Property, particularly in light of the fact that the continuity required no affirmative
maintenance by Hale. In so deciding, we do not address whether the continuing nature of a
disclaimant's act, especially one that requires continued reaffirming action, could constitute an
exercise of dominion and control over property where it was begun before the decedent's death.

 In Gorham's response to appellants' motion for summary judgment, he contended 
equity required that Hale be estopped from disclaiming her interest. Because genuine issues of
material fact exist concerning such estoppel, appellants have not demonstrated as a matter of law
that Hale's disclaimer should be given effect under these circumstances. Consequently, we
overrule point of error three.

 In their second and fourth points of error, appellants contend the trial court erred
in granting summary judgment in favor of appellees on the issue of whether the no-contest clause
in the Will has been violated. The Will stated:


If any beneficiary under this Will directly or indirectly challenges or contests this
Will or any of its provisions, or attempts in any way to oppose or set aside the
probate of this will or impair or invalidate any of its provisions, any legacy or
other provision I have made with respect to that person under this Will is revoked
and shall be disposed of as if that contesting beneficiary had predeceased me
without issue.


The codicil stated:


If EDWARD BADOUH, JR. directly or indirectly challenges or contests this Will
or any of its provisions, or attempts in any way to oppose or set aside the probate
of this Will or impair or invalidate any of its provisions, any legacy or other
provision I have made with respect to his son, EDWARD BADOUH, III, under
this Will is revoked, and that legacy shall be divided equally between my
grandsons, KENNETH DORSEY PARKER AND SCOTT EDWARD PARKER.


 On January 22, 1997, EBJ applied for a turnover order, requesting that "all rights
of Elaine Badouh Hale to receive any property and proceeds from the Estate pursuant to the Will
and Codicil be assigned and applied to the benefit of applicant, to be applied to the satisfaction
of the Judgment, up to the outstanding amount owed on the Judgment" and that "the administrator
of the Estate be ordered and enjoined from distributing any property or proceeds from the Estate
to Elaine Badouh Hale pursuant to the Will and Codicil until such property and proceeds have
been applied in full satisfaction of the Judgment as ordered by the Court."

 No-contest clauses are construed strictly, and forfeiture is to be avoided by the
courts except where the acts in question come strictly within the terms of the clause. In re Estate
of Hamill, 866 S.W.2d 339, 342 (Tex. App.--Amarillo 1993, no writ) (mere filing of will contest
that was later dismissed not sufficient to invoke forfeiture where clause in question did not provide
that mere filing of will contest was sufficient to invoke clause); McLendon v. McLendon, 862
S.W.2d 662, 678 (Tex. App.--Dallas 1993, writ denied) (suit alleging executor breached fiduciary
duties does not invoke forfeiture); Sheffield v. Scott, 662 S.W.2d 674, 676-77 (Tex.
App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.).

 In the present case, the turnover order sought would not have set aside the Will or
invalidated its provisions. EBJ does not seek to invalidate Hale's right to receive property under
the Will, but rather asserts that, based on Hale's right to certain property, the judgment creditor
has a derivative right to that property. EBJ simply seeks to assert a judgment creditor's right to
assets Hale may receive under the will. Indeed, in attempting to receive satisfaction of the
judgment in question, EBJ must rely on the validity of the Will and its provisions granting
property to Hale. The no-contest clause here does not prohibit a judgment creditor from asserting
his rights against property Hale receives under the Will. See Estate of Hodges, 725 S.W.2d 265,
268 (Tex. App.--Amarillo 1986, writ ref'd n.r.e.) (action to construe rather than contest the will
did not violate no-contest clause); Estate of Minnick, 653 S.W.2d 503, 507-08 (Tex.
App.--Amarillo 1983, no writ) (action against executors seeking final accounting, partition,
distribution and closing of estate was not contest of will under no-contest clause).

 We conclude the trial court did not err in granting summary judgment declaring that
EBJ had not violated the no-contest clause. Consequently, the trial court did not err in denying
appellants' motion for summary judgment asserting that EBJ had violated the no-contest clause. 
Points of error two and four are overruled.


CONCLUSION

 Having sustained appellants' first point of error and overruled their third point of
error, we reverse the portion of the summary judgment declaring that Hale's disclaimer was
invalid and ineffective due to Hale's exercise of dominion and control over the Property; we
remand the cause for further proceedings, including consideration of the issue of whether Hale's
disclaimer should be given effect under the particular circumstances of this case. Having
overruled appellants' second and fourth points of error, we affirm the summary judgment in
remaining part.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Reversed and Remanded in Part; Affirmed in Part

Filed: August 31, 1998

Publish
1. In general, a debtor "is not under any legal obligation, however strong the moral obligation
may be, to acquire property as a gift that would benefit his creditors." Dyers, 808 S.W.2d at 535
(quoting Lynch v. Lynch, 21 S.E.2d 569 (S.C. 1942)).
2. In asserting that Hale's assignment of the lien was an exercise of dominion and control,
appellees present an example from a Treasury Regulation promulgated under the Internal Revenue
Code in which the party's disclaimer was invalid because the party had pledged the property
received pursuant to a will for security on a loan prior to disclaimer. See Treas. Reg. § 25.2518-2(d)(4). However, we find this example inapposite here because, unlike the pledge in the
example, Hale's pledge was made before the mother's death and before Hale became a
beneficiary.
3. Although the movant for summary judgment has the burden of establishing her right to
summary judgment, the nonmovant must expressly present to the trial court those issues that
would defeat the movant's right to summary judgment and, failing to do so, may not later assign
them as error. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex.
1970).



 proceeds from the Estate
to Elaine Badouh Hale pursuant to the Will and Codicil until such property and proceeds have
been applied in full satisfaction of the Judgment as ordered by the Court."

 No-contest clauses are construed strictly, and forfeiture is to be avoided by the
courts except where the acts in question come strictly within the terms of the clause. In re Estate
of Hamill, 866 S.W.2d 339, 342 (Tex. App.--Amarillo 1993, no writ) (mere filing of will contest
that was later dismissed not sufficient to invoke forfeiture where clause in question did not provide
that mere filing of will contest was sufficient to invoke clause); McLendon v. McLendon, 862
S.W.2d 662, 678 (Tex. App.--Dallas 1993, writ denied) (suit alleging executor breached fiduciary
duties does not invoke forfeiture); Sheffield v. Scott, 662 S.W.2d 674, 676-77 (Tex.
App.--Houston [14th Dist.] 1983, writ ref'd n.r.e.).

 In the present case, the turnover order sought would not have set aside the Will or
invalidated its provisions. EBJ does not seek to invalidate Hale's right to receive property under
the Will, but rather asserts that, based on Hale's right to certain property, the judgment creditor
has a derivative right to that property. EBJ simply seeks to assert a judgment creditor's right to
assets Hale may receive under the will. Indeed, in attempting to receive satisfaction of the
judgment in question, EBJ must rely on the validity of the Will and its provisions granting
property to Hale. The no-contest clause here does not prohibit a judgment creditor from asserting
his rights against property Hale receives under the Will. See Estate of Hodges, 725 S.W.2d 265,
268 (Tex. App.--Amarillo 1986, writ ref'd n.r.e.) (action to construe rather than contest the will
did not violate no-contest clause); Estate of Minnick, 653 S.W.2d 503, 507-08 (Tex.
App.--Amarillo 1983, no writ) (action against executors seeking final accounting, partition,
distribution and closing of estate was not contest of will under no-contest clause).

 We conclude the trial court did not err in granting summary judgment declaring that
EBJ had not violated the no-contest clause. Consequently, the trial court did not err in denying
appellants' motion for summary judgment asserting that EBJ had violated the no-contest clause. 
Points of error two and four are overruled.


CONCLUSION

 Having sustained appellants' first point of error and overruled their third point of
error, we reverse the portion of the summary judgment declaring that Hale's disclaimer was
invalid and ineffective due to Hale's exercise of dominion and control over the Property; we
remand the cause for further proceedings, including consideration of the issue of whether Hale's
disclaimer should be given effect under the particular circumstances of this case. Having
overruled appellants' second and fourth points of error, we affirm the summary judgment in
remaining part.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Reversed and Remanded in Part; Affirmed in Part

Filed: August 31, 1998

Publish
1. In general, a debtor "is not under any legal obligation, however strong the moral obligation
may be, to acquire property as a gift that would benefit his creditors." Dyers, 808 S.W.