Edward BADOUH, Jr., individually and as next friend of Edward Badouh, III, a minor, and Charles B. Gorham, Petitioners,

v.

Elaine Badouh HALE and Scott Edward Parker, Respondents.

No. 98–1126.

Supreme Court of Texas.

Argued Oct. 6, 1999.

Decided Jan. 27, 2000.

Rehearing Overruled April 13, 2000.

Brett W. Schouest, Thomas D. Bracey, Keith E. Kaiser, San Antonio, for Petitioners.

Scott Edward Parker, Carrollton, Kathryn Ann Man Kollmeyer, Dallas, for Respondents.

Justice O'NEILL delivered the opinion of the Court.

Rubylien Barber Badouh executed a will specifically bequeathing her home to her daughter, Elaine Badouh Hale. Elaine later pledged her expectancy in the property as security for a note to Charles B. Gorham. A few years later when Rubylien died and her will was admitted to probate, Edward Badouh, Jr., who held a judgment against Elaine, applied for a turnover order of Elaine's interest in her mother's estate. Elaine then filed a disclaimer of her entire interest in her mother's estate. See TEX. PROB.CODE § 37A. But property may not be disclaimed if it has been accepted. See id. § 37A(g). Acceptance occurs if the person making the disclaimer has previously taken possession or exercised dominion and control over the property "in the capacity of beneficiary." Id. Reasoning that one cannot act in the capacity of beneficiary until after the testator's death, the court of appeals held that Elaine's pledge of her expectancy was not an acceptance that would invalidate her disclaimer. See 975 S.W.2d 419, 422. The court of appeals also held that Edward's request for turnover relief did not violate a no-contest clause in Rubylien's will. See id. at 424. While we agree that Edward did not violate the no-contest clause, we hold that Elaine accepted the property by pledging it as security and could not thereafter disclaim it. Accordingly, we reverse that part of the court of appeals' judgment remanding the case to the trial court to consider whether Elaine's disclaimer should otherwise be considered ineffective. We affirm the court of appeals' judgment on the no-contest issue.

## Background

Rubylien Barber Badouh executed a will in 1990, and added a codicil in 1991 (collectively, the "will"). The will bequeathed her New Braunfels home to her daughter, Elaine Badouh Hale. The will also contained no-contest provisions specifically prohibiting any challenge to the will by Rubylien's son, Edward Badouh, Jr.

In 1992, Edward obtained a judgment against Elaine for approximately $150,000. The judgment, which Edward abstracted in the real property records of Comal County, remains unsatisfied.

In 1994, Elaine executed a promissory note in favor of Charles B. Gorham in exchange for his legal services in another matter. Elaine secured the note by a deed of trust that pledged her expectancy in her mother's home. Gorham filed the deed of trust in the property records of Comal County. Elaine has not paid Gorham for the legal services he performed on her behalf.

Rubylien died on August 18, 1996. She was survived by Edward and his son, Edward Badouh, III, and Elaine and her two sons, Scott Edward Parker and Kenneth Dorsey Parker. The will was filed for probate five days later. Edward applied for a turnover order to satisfy his judgment against Elaine's interest in the estate, whereupon Elaine filed a disclaimer of her entire interest in the estate. Gorham intervened in the probate proceedings to assert his lien claims against Elaine's interest in the estate.

The administrator of Rubylien's estate filed this suit for declaratory judgment, seeking guidance regarding the validity of Elaine's disclaimer and the proper distribution of the estate assets. Both Edward and Gorham moved for summary judgment, arguing that Elaine's disclaimer was ineffective under section 37A(g) of the Probate Code because she had exercised dominion and control over the property in the capacity of a beneficiary by pledging her expectancy in her mother's home. Elaine and her son, Scott, sought summary judgment against Edward, alleging that he violated the will's no-contest provisions by seeking turnover relief. The trial court granted Edward's and Gorham's motions for summary judgment, declaring that Elaine's disclaimer was ineffective and that Edward's actions did not violate the will's

no-contest provisions. The court of appeals affirmed the trial court's judgment on the no-contest issue, reversed that portion of the judgment declaring Elaine's disclaimer ineffective, and remanded the case to the trial court to consider whether Elaine's disclaimer should be given effect under the particular circumstances of the case. *See* 975 S.W.2d 419, 424.

### Disclaimer

■ Section 37A of the Texas Probate Code allows a person to disclaim an intended bequest under certain conditions. *See* TEX. PROB.CODE § 37A. A disclaimer is not effective if the beneficiary has "accept[ed]" the property. *See id.* 37A(g). "Acceptance" occurs if the person making the disclaimer has previously exercised dominion and control over the property "in the capacity of beneficiary." *Id.* We must decide whether Elaine was acting in the capacity of a beneficiary when she pledged her expectancy in her mother's home to Gorham.

The court of appeals held that, for purposes of section 37A(g), a person cannot act in a beneficiary capacity until the testator's death. *See* 975 S.W.2d at 422. Edward and Gorham contend that the statute does not support the court of appeals' interpretation, and that Elaine could not have acted in any capacity other than as a beneficiary when she pledged her expectancy interest in the home. We agree with Edward and Gorham.

■ Our primary objective in construing a statute is to give effect to the Legislature's intent. *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex. 1997) (citing *Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.,* 917 S.W.2d 19, 21 (Tex.1996)). To ascertain that intent, we look to the statutory language, the legislative history, the object of the legislation, and the consequences that would follow from alternate constructions. *See Union Bankers Ins. Co. v. Shelton,* 889 S.W.2d 278, 280 (Tex.1994).

■ The statute defines a beneficiary as follows:

'beneficiary' includes a person who would have been entitled, if the person had not made a disclaimer, to receive property as a result of the death of another person ... under a will....

TEX. PROB.CODE § 37A. The court of appeals noted that certain events, such as a change in the will or the expectancy holder predeceasing the testator, could alter or extinguish an expectancy interest. *See* 975 S.W.2d at 421–22. Reasoning that a person cannot be "entitled" to receive property until the testator's death, the court concluded that a person named in a will cannot act in a beneficiary capacity until that time. *Id.* at 422.

On the other hand, events occurring after the testator's death may also alter or extinguish an expectant's interest. A decedent's property is burdened by the decedent's debts and the estate's administration expenses. *See* TEX. PROB.CODE § 322B. If there are insufficient assets to satisfy claims against the estate, bequests made by the testator will abate. *See id.* Therefore, even after the testator's death, a person may not be "entitled" to receive property under a will. We do not believe that use of the word "entitled" indicates that the Legislature intended beneficiary status to be conditioned upon the testator's death. If the Legislature had intended such a construction, it could have easily said so. We find the statute's inclusive language to be more instructive. Section 37A states that "'beneficiary' *includes* ....,*"* indicating that the definition of beneficiary for purposes of that section is not intended to be exclusive. *See Republic Ins. Co. v. Silverton Elevators, Inc.,* 493 S.W.2d 748, 752 (Tex.1973) (stating that it is a "well settled rule that the words 'include,' 'including,' and 'shall include' are generally employed as terms of enlargement rather than limitation or restriction"); *Peerless Carbon Black Co. v. Sheppard et. al.,* 113 S.W.2d 996, 997–98 (Tex. Civ.App.—Austin 1938, writ ref'd). The

definition of beneficiary is broad enough to include expectants under a will.

We look next to section 37A's legislative history and purposes. The Legislature enacted section 37A to clarify Texas's disclaimer law. HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 728, 62 nd Leg., R.S. (1971). Before section 37A was enacted, Texas did not have a disclaimer statute, and while there were cases allowing disclaimer, "it was not clear as to when and how a [disclaimer] would be accomplished." William E. Remy, *Effective Dates of Amendments to the Probate Code and a Brief Summary of the Changes Made*, 34 TEX. B.J. 885, 886 (1971). The original version of section 37A, like its present version, prohibited disclaimer after property is accepted. *See* Act of June 15, 1971, 62 nd Leg., R.S., ch. 979, § 1, 1971 Tex. Gen. Laws 2954, 2956. While legislative history does not specify the provision's purpose, the principal reason to prohibit disclaimer after acceptance is to protect third parties' interests in transactions with beneficiaries. *Cf. Hale v. Hollon*, 90 Tex. 427, 39 S.W. 287, 288 (1897) (recognizing that assignment of an expectancy is enforceable in equity). Because Texas law allows an expectancy to be conveyed or assigned, this purpose is equally animate whether the testator is alive or dead. Accordingly, affording beneficiary status to an expectant who pledges the property best serves the statute's purpose. Conferring beneficiary status upon an expectant for disclaimer purposes avoids unjust consequences in other ways. *See Sanchez v. Schindler*, 651 S.W.2d 249, 252 (Tex.1983) (stating, "[t]his court has always endeavored to interpret the laws of Texas to avoid inequity"). If Elaine could not act in a beneficiary capacity until after her mother's death, Gorham would be unable to collect for the services he rendered in reliance on her pledge. Although an expectancy may lapse due to events beyond the expectant's control, equity should not allow the expectant to unilaterally renounce a benefit already obtained.

Finally, we must construe statutory provisions in context. *See Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 601 (Tex.1975). In the context of section 37A(g), requiring beneficiary status for acceptance purposes protects the disclaimer rights of those who take possession or exercise control of property in some other capacity:

> Where a devisee or legatee is entitled to hold the devised or bequeathed property in a capacity other than that of a beneficiary under the will, such as that of an heir, executor, trustee, or partner, the fact that he entered into or retained possession of the property after the testator's death, or that he exercised certain control over it, does not necessarily give rise to an inference of acceptance of the devise or bequest, in the absence of some other act or conduct on his part tending to show an intent to claim the property as a beneficiary under the will.

C.P. Jhong, Annotation, *What Constitutes or Establishes Beneficiary's Acceptance or Renunciation of Devise or Bequest*, 93 A.L.R.2d 8, 41 (1964). Considering this context, there is no reason to condition beneficiary status on the testator's death.

Thus we conclude that a person who pledges an expectancy under a will acts in a beneficiary capacity for purposes of the disclaimer statute. This conclusion gives meaning to the language of the statute, advances section 37A(g)'s purpose, avoids unjust consequences, and makes sense in the statute's context. Accordingly, we hold that Elaine acted in the capacity of a beneficiary when she pledged her expectancy in her mother's home.

■ We next consider whether Elaine's pledge was an exercise of "dominion and control" over the property as the statute contemplates. TEX. PROB.CODE § 37A(g). The statute itself does not specify what actions qualify as an exercise of dominion and control. But under the Internal Revenue Code's qualified disclaimer section, acts of acceptance include pledging property as security for a loan. *See* TREAS. REG. § 25.2518–2(d)(4). In 1979, the Legisla-

ture amended section 37A, altering the requirements for making a disclaimer. *See* HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 329, 66th Leg., R.S. (1979). It did so to harmonize Texas's disclaimer provisions with federal tax law. *See id.* We believe the Internal Revenue Code's qualified disclaimer section is instructive on the issue of what actions qualify as an exercise of dominion and control. Accordingly, we conclude that pledging property to secure a loan is an exercise of dominion and control for purposes of the disclaimer statute. Elaine therefore exercised dominion and control over her expectancy when she pledged it to Gorham. Because she did so in the capacity of a beneficiary, she accepted the property under section 37A(g) and her disclaimer was ineffective.

### No–Contest Clause

Elaine argues that, even if her disclaimer was ineffective, Edward's pursuit of a turnover order violated the will's no-contest provisions. We disagree.

The will provides that if Edward "directly or indirectly challenges or contests this Will or any of its provisions, or attempts in any way to oppose or set aside the probate of this Will or impair or invalidate any of its provisions," the provisions made for him and his son, Edward Badouh, III, will be revoked.

 No-contest clauses are strictly construed. *See McLendon v. McLendon,* 862 S.W.2d 662, 678 (Tex.App.—Dallas 1993, writ denied), *disapproved on other grounds by Dallas Mkt. Ctr. Dev. Co. v. Liedeker,* 958 S.W.2d 382 (Tex.1997); *Gunter v. Pogue,* 672 S.W.2d 840, 842 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). Courts should find breach of a no-contest clause only when the acts of the parties come within the clause's express terms. *See Gunter,* 672 S.W.2d at 842. In applying for turnover relief from Elaine, Edward did not oppose the will or attempt to invalidate any of its provisions. He merely sought payment as a judgment creditor, and whether he would be able to collect depended upon Elaine's ability to inherit under the will. Accordingly, we agree with the court of appeals that Edward did not violate the will's no-contest provisions by applying for turnover relief.

Because we hold that Elaine could not disclaim her expectancy after exercising dominion and control over it in a beneficiary capacity, we render judgment that Elaine's disclaimer was ineffective and reverse that part of the court of appeals' judgment remanding the case to the trial court to consider whether the disclaimer should otherwise be considered ineffective under the circumstances of this case. We affirm the court of appeals' judgment that Edward did not violate the will's no-contest provisions.