IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00265-CV

 

Nadine Ivy Phillips,

                                                                      Appellant

 v.

 

Betty Jean Ivy,

                                                                      Appellee

 

 

 



From the 87th District Court

Freestone County, Texas

Trial Court # 01-084-B

 



DISSENTING Opinion



 








        We should not go behind the language of the
disclaimer.  See Tex. Prob. Code Ann.
§ 37A (Vernon 2003); Badouh v. Hale,
22 S.W.3d 392, 396 (Tex.
2000).  I would hold that the disclaimer
had the effect, even if the will was more expansive in its donative language,
of limiting Betty’s interest under Article III of the will to a traditional
life estate.  This would require a
reversal of the trial court’s judgment and a remand to the trial court to
resolve issues that remain to be decided regarding the relative rights of the
life tenant and the remainderman in the proceeds of the sale of the corpus and
income derived therefrom.

      All
doubt about what the testator may have intended in his will was removed by the
disclaimer signed by the widow.  The
disclaimer states:

   I hereby
irrevocably and without qualification disclaim, renounce and refuse to accept
any interest under Article III of the will other than a life estate, it being
my intent hereby that I have no interest in the remainder of such property.

      If,
for any reason, we somehow avoid the clear language of this disclaimer, we will
have not only bent the words of this disclaimer beyond its breaking point, we
will cause uncertainty in any estate planning application that involves the use
of a disclaimer.

      Due
to the language used in the will, Betty wanted certainty and predictability
with regard to her own estate planning, not just the benefits that she would
receive under her husband’s will.  To
achieve this certainty, she signed a formal legal document, as provided for by
the probate code, that would have a certain effect: to identify and define the
property that she was to receive under the will.  I would give that legal document the effect
that it has for all other purposes, and would hold that Betty’s disclaimer
limited the gift under Article III to a traditional life estate.  Thus I would not need to address Phillips’s
first issue.  Because the majority holds
otherwise, I respectfully dissent.

TOM
GRAY

Chief Justice

Dissenting
opinion delivered and filed August 18, 2004