November 4, 2010

Ms. Anne Heiligenstein, Commissioner
Texas Department of Family and
   Protective Services
Post Office Box 149030
Austin, Texas 78714-9030

Opinion No. GA-0815

Re: Whether, under chapter 42, Human Resources Code, the Texas Department of Family and Protective Services has rule-making authority to increase the number of training hours required for an employee of a day-care center or group day-care home (RQ-0868-GA)

Dear Commissioner Heiligenstein:

Section 42.042(p) of the Human Resources Code provides, in relevant part, that the Texas Department of Family and Protective Services (the "Department") "by rule shall prescribe minimum training standards for an employee of a regulated child-care facility." TEX. HUM. RES. CODE ANN. § 42.042(p) (West Supp. 2010). Section 42.0421(a) directs that the minimum training standards for employees of a day-care center or group day-care home,[1] "*must include*": (1) eight hours of initial training for day-care center employees who have no previous training or experience; (2) fifteen hours of annual training for day-care center or group day-care home employees, excluding directors; and (3) twenty hours of annual training for directors of day-care centers or group day-care homes. *Id.* § 42.0421(a) (emphasis added). You ask whether the Department may, by rule, increase the number of training hours set out in section 42.0421(a) for an employee of a day-care center or group day-care home. Request Letter at 2–3 ("The question the department is posing is whether the legislature intended the *total number* of initial and annual training hours in paragraphs (1)-(3) of Subsection 42.0421(a) . . . to be the *least number* of hours that the department may establish . . . , or whether the legislature intended the total number of hours reflected in the statute to be the precise number of hours which the department may require in its minimum training standards - no more, no less.").

An administrative "agency may adopt only such rules as are authorized by and consistent with its statutory authority." *Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008). The determinative factor as to whether an agency exceeds its rule-making authority is

---

[1]The terms day-care center and group day-care home are defined in section 42.002. *See* TEX. HUM. RES. CODE ANN. § 42.002(7)–(8) (West Supp. 2010). The Department's duty under section 42.042(p) is to adopt minimum training standards for employees of a "regulated child-care facility," a term that you say encompasses not only day-care facilities but also "residential-care facilities." Request Letter at 3 (*available at* http://www.texasattorneygeneral.gov); *see also* TEX. HUM. RES. CODE ANN. § 42.002(19) (West Supp. 2010) (defining "residential child-care facility").

whether the regulation is in harmony with the general objectives of the statute. *Id.* Whether a rule is "in harmony" with the general objectives of the relevant statute is determined through statutory construction. *Lambright v. Tex. Parks & Wildlife Dep't*, 157 S.W.3d 499, 510 (Tex. App.—Austin 2005, no pet.). We, therefore, turn to chapter 42 in determining the scope of the Department's rule-making authority.

The Legislature directs that title 2 of the Human Resources Code, which includes chapter 42, is to be liberally construed to accomplish its purposes. TEX. HUM. RES. CODE ANN. § 11.002(b) (West 2001). One purpose of chapter 42 is to protect the children of the state in the care of child-care facilities. *See id.* § 42.001 (West Supp. 2010) (explaining that the purpose of chapter 42 is to protect the health, safety and well-being of children in child-care facilities and that it is the policy of the state to aid in improving child-care programs). One purpose of the minimum standards applicable to licensed child-care facilities is to "ensure adequate supervision of children by capable, qualified, and healthy personnel." *Id.* § 42.042(e)(3). With this information in mind, we consider the language of section 42.0421(a). *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010) ("In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the statute's language.").

As set out above, section 42.0421(a) provides that the Department "must include" a certain number of hours of training for various categories of employees of a day-care center or group day-care home. TEX. HUM. RES. CODE ANN. § 42.0421(a) (West Supp. 2010). The term "include" is generally a term of enlargement. TEX. GOV'T CODE ANN. § 311.005(13) (West 2005). Therefore, the phrase "must include" is also one of enlargement, unless the context provides otherwise. *Cf. Badouh v. Hale*, 22 S.W.3d 392, 395 (Tex. 2000) (referring to the well-settled rule that "shall include" is generally used as a term of enlargement not limitation or restriction). We find nothing in the context of the relevant statutes that indicates that the phrase "must include" in section 42.0421(a) is intended to operate as a limitation. Thus, by its terms section 42.0421(a) authorizes the Department to adopt, by rule, minimum training standards that contain requirements in addition to those set out in section 42.0421(a). Nothing in chapter 42 precludes these additional requirements from being training hours.

Moreover, accepting as true your assertion that there is "a positive correlation between the amount of training provided to child-care workers and the quality of child-care services provided," our construction of section 42.0421(a) furthers the purposes of both chapter 42 and the minimum standards and comports with the legislative directive to liberally construe the statute in a manner that accomplishes those purposes. Request Letter at 1; *see* TEX. HUM. RES. CODE ANN. §§ 42.001 (West Supp. 2010) (explaining that the purpose of chapter 42 is to protect the health, safety and well-being of children in child-care facilities and that it is the policy of the state to aid in improving child-care programs), 42.042(e)(3) (providing that one purpose of the minimum standards is to ensure that personnel are capable and qualified).

In sum, we think a court would likely find that a rule increasing the number of training hours set out in section 42.0421(a) for an employee of a day-care center or group day-care home is within the Department's rule-making authority.

## S U M M A R Y

It is likely that a court would find that a Texas Department of Family and Protective Services ("Department") rule increasing the number of training hours set out in Human Resources Code section 42.0421(a) for an employee of a day-care center or group day-care home is within the Department's rule-making authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee